UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

**MARK R. LASKOWSKI and RICHARD HALL,**

*Plaintiffs,*

-vs-

**LIBERTY MUTUAL FIRE INSURANCE COMPANY,**

*Defendant.*

Civil Action No.
5:11-cv-340
(GLS/ATB)

---

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

**HISCOCK & BARCLAY, LLP**
*Attorneys for Defendant*
Liberty Mutual Fire Insurance Company
Office and Post Office Address
50 Beaver Street
Albany, NY 12207-1511
Telephone (518) 429-4276

5303944.4

## PRELIMINARY STATEMENT

Plaintiffs Mark Laskowski and Richard Hall seek insurance coverage from Defendant Liberty Mutual Fire Insurance Company ("Liberty") for a fire loss which occurred on January 10, 2010. Plaintiffs' second cause of action alleges that Liberty breached the Plaintiffs' insurance contract by wrongfully denying coverage. Plaintiffs claim they are entitled to coverage for their loss, while Liberty contends that coverage is precluded by reason of the Plaintiffs' arson and fraud. The second cause of action is all that is necessary to litigate Plaintiffs' right to insurance coverage in this case. Nonetheless, the Plaintiffs have asserted four causes of action against Liberty. The additional claims are neither necessary nor permissible.

The first cause of action seeking a declaration that Liberty is obligated to provide coverage to Plaintiffs is duplicative of the second cause of action for breach of contract. The third cause of action alleges that Liberty violated the duty of good faith and fair dealing, which is not recognized as an independent tort in New York. The demand for punitive damages in the third cause of action should also be dismissed as a matter of law.

Finally, the fourth cause of action alleging a violation of New York's General Business Law § 349 should be dismissed because this matter only involves a private contractual dispute between two parties concerning insurance coverage. General Business Law § 349 is intended to address wrongdoing directed at the public at large, and is inapplicable in a private contractual dispute.

For the reasons set forth herein, Plaintiffs' first, third and fourth causes of action should be dismissed in their entirety.

5303944 4/3051265

## ARGUMENT

### POINT I

### THE FIRST CAUSE OF ACTION SHOULD BE DISMISSED

It is well settled in New York that "[a] cause of action for a declaratory judgment is unnecessary and inappropriate when the plaintiff has an adequate, alternative remedy in another form of action, such as breach of contract." *Apple Records, Inc. v. Capitol Records, Inc.*, 137 A.D.2d 50, 54 (1st Dep't 1988); *Hesse v. Speece*, 204 A.D.2d 514, 515 (2d Dep't 1994) (declaratory judgments should be avoided when not necessary); *see also J.C. Penney Corp. v. Carousel Ctr. Co., L.P.*, 635 F. Supp. 2d 126, 135 (N.D.N.Y. 2008) (declaratory judgment claims were unnecessary and inappropriate since Plaintiff had adequate remedy in the form of a breach of contract claim).

Here, Plaintiffs have an adequate remedy for their breach of contract claim (Count II). A declaration that Liberty is obligated to provide coverage to Plaintiffs is neither necessary nor permissible. Whether Plaintiffs are entitled to coverage under the Liberty policy will be fully litigated and decided in the breach of contract cause of action. Accordingly, the first cause of action seeking declaratory relief should be dismissed.

### POINT II

### PLAINTIFFS' THIRD CAUSE OF ACTION SHOULD BE DISMISSED

Plaintiffs' third cause of action against Liberty alleges a "violation of the duty of good faith and fair dealing." This cause of action should also be dismissed, as a matter of law, because it is duplicative of the second cause of action, and because Plaintiffs have failed to allege sufficient facts to support their claim.

5303944.4/3051265

It is well settled that New York does not recognize an independent tort cause of action for insurer bad faith. *See New York Univ. v Continental Ins. Co.*, 87 N.Y.2d 308, 319-320 (1995); *Zawahir v. Berkshire Life Ins. Co.*, 22 A.D.3d 841, 842 (2d Dep't 2005).

As the Court of Appeals has explained, allegations of bad faith in the context of an insurance coverage dispute "amount[] to nothing more than a claim based on the alleged breach of the implied covenant of good faith and fair dealing." *New York Univ. v Continental Ins. Co.*, *supra* at 319-320; *see also Bettan v. Geico Gen. Ins. Co.*, 296 A.D.2d 469, 470 (2d Dep't 2002). Since the duty to act in good faith is encompassed within a standard breach of contract claim, a separate cause of action based upon such allegations is duplicative of a breach of contract claim. *See New York Univ. v Continental Ins. Co.*, *supra* at 320; *Paterra v. Nationwide Mut. Fire Ins. Co.*, 38 A.D.3d 511, 512-513 (2d Dep't 2007) (claim predicated on alleged breach of implied duty of good faith is duplicative of breach of contract claim); *Alexander v. GEICO Ins. Co.*, 35 A.D.3d 989, 990 (3d Dep't 2006).

Consequently, an insured seeking to contest its insurer's coverage position and the handling of a particular claim may proceed against the insurer only by breach of contract. *See e.g. Johnson v. Allstate Ins. Co.*, 33 A.D.3d 665, 666 (2d Dep't 2006); *Saidai v. Sec. Ins. Co.*, 9 A.D.3d 420 (2d Dep't 2004); *Hassett v. N.Y. Cent. Mut. Fire Ins. Co.*, 302 A.D.2d 886 (4th Dep't 2003) (Supreme Court properly dismissed all but breach of contract causes of action since claims of bad faith were duplicative).

The third cause of action attempts to assert a separate and independent claim against Liberty based upon the alleged breach of the duty of good faith and fair dealing. (See Complaint, ¶¶ 35-45). However, the duty of good faith and fair dealing is implicit in every contract, which Plaintiffs have already alleged was breached in the second cause of action. New

- 4 -

York does not permit a separate cause of action based on an alleged breach of this implied duty. The third cause of action is duplicative of the second cause of action and, therefore, should be dismissed as a matter of law.

Moreover, the allegations that Liberty breached the implied duty of good faith and fair dealing should be dismissed because the allegations are legally insufficient to support such a claim. In order to sustain a claim based upon an insurer's breach of its implied duty of good faith, "the insured must present proof that the insurer's conduct was in *gross disregard of the insured's interests*." *Jonas v. New York Cent. Mut. Fire Ins. Co.*, 244 A.D.2d 916 (4th Dep't 1997) (emphasis added); *see Dano v Royal Globe Ins. Co.*, 59 N.Y.2d 827, 829-830 (1983). As such, so long as there is merely an "arguable case" in support of the insurer's position, liability cannot be imposed against an insurer for a breach of the implied covenant of good faith. *See Gordon v Nationwide Mut. Ins. Co.*, 30 N.Y.2d 427, 431, 437 (1972), *cert denied* 410 US 931 (1973) (holding that "bad faith requires an extraordinary showing of a disingenuous or dishonest failure to carry out a contract").

For example, in *Dano v. Royal Globe Ins. Co.*, 89 A.D.2d 817 (4th Dep't 1982), the insured commenced a lawsuit against its insurer, among others, following a fire loss after the insurer disclaimed coverage for the loss on the basis that the insured engaged in fraud, misrepresentation and false statements. *Id.* The insured asserted several causes of action against the insurer including breach of contract and failure to settle the first-party loss in good faith. *Id.*

The Appellate Division, Fourth Department upheld the trial court's dismissal of the breach of the duty to act in good faith. *Id.* The Court stated that in order to pursue such a claim the insured is required to satisfy "a high degree of proof . . . that the insurer has been guilty of a 'disingenuous or dishonest failure to carry out [the] contract.'" *Id.*, quoting *Gordon v*

- 5 -

*Nationwide Mut. Ins. Co.*, 30 N.Y.2d 427, 437 (1972).  The decision was affirmed by the Court of Appeals.  *See* 59 N.Y.2d 827 (1983).

In this case, the allegations that Liberty breached its obligations of good faith and fair dealing should be dismissed because the Complaint fails to allege anything beyond a mere insurance coverage dispute between Plaintiffs and Liberty.  The Complaint does not allege any conduct that could be construed as a "gross disregard" of the insureds' interests.  Instead, the Complaint alleges that Liberty was notified of a potential claim, which prompted an investigation of the loss, and at the conclusion of which Liberty made a decision to deny coverage.  This is a simple insurance coverage dispute where the sole issue to be decided is whether there is insurance coverage for the subject loss under the Liberty insurance policy.  Plaintiffs' entitlement to coverage for their loss will be fully litigated in the second cause of action.

Finally, Plaintiffs' demand for punitive damages against Liberty in their third cause of action should be dismissed as a matter of law.  New York courts have repeatedly held that punitive damages are not recoverable unless such damages are "necessary to deter defendant and others like it from engaging in conduct that may be characterized as 'gross' and 'morally reprehensible,' and of 'such wanton dishonesty as to imply a criminal indifference to civil obligations.'"  *New York Univ. v. Continental Ins. Co., supra* at 316 (emphasis added), quoting *Rocanova v. Equitable Life Assur. Socy., supra* at 613 ("the standard for awarding punitive damages in first-party insurance actions is 'a strict one'").

To recover punitive damages, the plaintiff must allege an "egregious tort directed at the public at large."  *Steinhardt Group, Inc. v. Citicorp*, 272 A.D.2d 255, 257 (1st Dep't 2000); *see Goldsmith Motors Corp. v. Chemical Bank*, 41 A.D.3d 648, 649 (2d Dep't 2007) (no punitive damages where wrong complained of was essentially private, not public); *Brooks v. Key Trust*

*Co. Natl. Assn.*, 26 A.D.3d 628, 631 (3d Dep't 2006) (even if plaintiff's allegations were credited, they constituted private wrongs, not directed at the public at large); *see also Cohen v. Lake Tree Village Homeowners' Ass'n*, 254 A.D.2d 696, 697 (4th Dep't 1998); *Key Bank v. Diamond*, 203 A.D.2d 896, 897 (4th Dep't 1994) (punitive damages not recoverable even where defendant had engaged in fraudulent activity).

In this case, even if Plaintiffs' allegations are credited for purposes of this motion, Plaintiffs' punitive damage claim against Liberty must still be dismissed because it is undisputed that the purported relationship between the parties was entirely private. Liberty's denial of coverage is based on facts and circumstances unique to this case. There is no allegation that Liberty's action in this case was directed to the public at large. Thus, Plaintiffs' demand for punitive damages should be dismissed.

## POINT III

## PLAINTIFFS' FOURTH CAUSE OF ACTION
## SHOULD BE DISMISSED

Plaintiffs' fourth cause of action against Liberty alleges a violation of New York's General Business Law § 349, which generally precludes businesses from engaging in "deceptive acts and practices" in consumer transactions. However this statute is simply not applicable where, as here, there is only a private, contractual dispute between two parties concerning insurance coverage.

General Business Law § 349 makes it unlawful to engage in any "deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state." The statute permits a consumer injured by any such unlawful act or practice to bring a private action to enjoin the unlawful conduct, or to recover damages, or both. *See* General Business Law § 349 (h) (in addition to equitable relief, plaintiff entitled to recover actual

- 7 -

damages or treble damages up to $1,000); *see generally Stutman v. Chemical Bank*, 95 N.Y.2d 24, 28-29 (2000).

Significantly, however, in order to sustain a cause of action under General Business Law § 349, a plaintiff is required to demonstrate harm directed at consumers as a whole or the public at large. *See Gaidon v. Guardian Life Ins. Co. of Am.*, 94 N.Y.2d 330, 343 (1999) (statute designed to address broad consumer-protection concerns); *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 25 (1995) (plaintiff must demonstrate that the acts or practices have a broader impact on consumers at large); *Hart v. Allstate Ins. Co.*, 201 A.D.2d 621 (2d Dep't 1994) (complaints must affect the public interest). Private contractual disputes that are unique to the parties do not fall within the gamut of this statute. *See Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, *supra* at 25; *Graham v. Eagle Dist. Co., Inc.*, 224 A.D.2d 921 (4th Dep't 1996), *appeal dismissed* 88 N.Y.2d 962 (1996).

Consequently, it is well settled that a private contract dispute between an insurer and its insured concerning insurance coverage and the processing of claims cannot, as a matter of law, serve as the basis for a claim under General Business Law § 349. *See New York Univ. v Continental Ins. Co.*, 87 N.Y.2d 308, 320-321 (1995); *Hassett v. N.Y. Cent. Mut. Fire Ins. Co.*, 302 A.D.2d 886, 887 (4th Dep't 2003); *Fekete v. GA Ins. Co.*, 279 A.D.2d 300 (1st Dep't 2001); *Pellechia & Pellechia, Inc. v. American Nat'l Fire Ins. Co.*, 244 A.D.2d 395, 396 (2d Dep't 1997); *Schunk v. New York Cent. Mut. Fire Ins. Co.*, 237 A.D.2d 913, 915 (4th Dep't 1997).

Federal courts applying New York law have consistently applied these principles in dismissing General Business Law § 349 claims in the context of private contractual disputes. *See e.g. Cohen v. JP Morgan Chase & Co.*, 498 F.3d 111, 126 (2d Cir. 2007) (identifying the three elements that must be present to proceed with a claim under the New York statute,

- 8 -

including that defendant's conduct is directed at consumers at large); *Shapiro v. Berkshire Life Ins. Co.*, 212 F.3d 121, 126 (2d Cir. 2000) (allegations concerning marketing of policy were insufficient to demonstrate consumer-oriented conduct on the part of insurer; private dispute concerning coverage under a particular policy is not consumer-oriented); *O.K. Petroleum Distrib. Corp. v. Travelers Indem. Co.*, 2010 U.S. Dist. LEXIS 71465, *12-14 (S.D.N.Y.2010) (unsupported and speculative allegations that insurer's practices are part of a systemic program aimed at policyholders generally and that they allegedly have an impact on consumers at large are insufficient to proceed with General Business Law § 349 claim).

The Court of Appeals' decision in *New York University v. Continental Insurance Co.*, 87 N.Y.2d 308 (1995), is particularly instructive of courts' unwillingness to extend this statute to private, insurance coverage disputes. In *New York University*, the insurer denied coverage to its insured after discovering that invoices had been falsified in an embezzlement scheme. *Id.* at 313-314. The insured later sued the insurer for, among other things, deceptive business practices under General Business Law § 349. *Id.* at 314. The Court of Appeals found that the plaintiff had not met the threshold requirement of proving that the insurer's acts and practices had a broad impact on consumers. *Id.* at 321. The Court stated that the dispute was "essentially a 'private' contract dispute over policy coverage and the processing of a claim which is unique to these parties, not conduct which affects the consuming public at large." *Id.*

As in *New York University*, the instant case is a simple insurance coverage dispute between Plaintiffs and Liberty as to whether their fire loss is covered. The dispute is a purely private matter between two parties as to whether the policy affords coverage for this claim based upon its unique circumstances. Coverage is dictated by the cause of the fire, Plaintiffs' role in

- 9 -

the loss and the results of Liberty's investigation. These facts are unique to this particular case and do not in any way involve conduct directed to the public at large.

Plaintiffs' allegations that Liberty's conduct was consumer-oriented simply because insurance policies are purchased by the public-at-large (Complaint ¶¶ 53-56, 59) is not sufficient to support a claim under General Business Law § 349. These allegations are entirely speculative, but more importantly, fail to take into account that Liberty denied coverage based on how this loss occurred and the outcome of this investigation. Liberty's denial of coverage in this case has nothing to do with how Liberty markets or advertises its policies to the public. In fact, every standard fire insurance policy issued in New York, like the Liberty policy, is authorized to include provisions excluding coverage for misrepresentation, fraud and intentional acts. *See* Insurance Law § 3404 (e). There is no basis for any allegation that this dispute implicates the public at large. Consequently, the fourth cause of action alleging a violation of General Business Law § 349 should be dismissed as a matter of law.

Finally, to the extent that Plaintiffs allege violations of Insurance Law § 2601 and 11 NYCRR § 216 in the fourth cause of action, these claims must likewise be dismissed since these provisions do not give rise to a private cause of action. *See New York Univ. v. Continental Ins. Co.*, 87 N.Y.2d 308, 317 (1995), *supra* (Insurance Law § 2601 does not give rise to private cause of action), citing *Rocanova v. Equitable Life Assur. Soc'y*, 83 N.Y.2d 603, 614 (1994); *Blanar v. State Farm Ins. Cos.*, 34 A.D.3d 1333, 1334 (4th Dep't 2006) (no private cause of action for alleged violation of part 216 of the Insurance Regulations); *De Marinis v. Tower Ins. Co.*, 6 A.D.3d 484 , 486 (2d Dep't 2004) (no cause of action for alleged violation of Insurance Regulations).

- 10 -

Based on the foregoing, Plaintiff's fourth cause of action should be dismissed in its entirety.

## CONCLUSION

For the reasons stated herein, Plaintiffs' first, third and fourth causes of action should be dismissed in their entirety, together with any and all other relief deemed appropriate, equitable, and just.

**DATED:**      April 8, 2011                **HISCOCK & BARCLAY, LLP**

By:  _____
                        Thomas J. O'Connor
                        Bar Roll:  103475

*Attorneys for Defendant*
Liberty Mutual Fire Insurance Company
Office and Post Office Address
50 Beaver Street
Albany, NY 12207-1511
Telephone (518) 429-4276

5303944.4/3051265