## CIVIL CASE MANAGEMENT PLAN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MARK R. LASKOWSKI and RICHARD HALL,

        Plaintiff,

-against-

No. 5:11-CV-340 GLS/ATB

LIBERTY MUTUAL FIRE INSURANCE COMPANY,

        Defendant.

**IT IS HEREBY ORDERED that**, Pursuant to Rule 16(b), Federal Rules of Civil Procedure, a telephonic status and scheduling conference will be held in this case before the Honorable ANDREW T. BAXTER, United States Magistrate Judge on **May 4, 2011, at 2:00 pm** at the United States Courthouse, at 3rd Floor Court Annex, Syracuse, New York.

Counsel for all parties or individuals appearing pro se in the above-captioned action are directed to confer in accordance with Fed. R. Civ. P. 26(f) with respect to all of the agenda items listed below. That meeting must be attended in person or, if counsel for the parties are not located in the same city and do not agree to meet in person, then by telephone, and must be held at least **twenty-one (21) days** before the scheduled Rule 16 Conference. Following that Rule 26(f) meeting, a report of the results of that meeting, in the format set forth below, must be filed with the clerk within **fourteen (14) days** after the date of the Rule 26(f) meeting or not later than **ten (10) days** prior to the scheduled Rule 16 conference with the Court, whichever date is earlier. Matters which the Court will discuss at the status conference will include the following: (insert a separate subparagraph as necessary if the parties disagree):

**1) JOINDER OF PARTIES**: Any application to join any person as a party to this action shall be made on or before the 30th day of June, 2011.

**2) AMENDMENT OF PLEADINGS**: Any application to amend the pleadings to this action shall be made on or before the 30th day of June, 2011.

**3) DISCOVERY**: All discovery in this action shall be completed on or before the 30th day of September, 2011. **(Discovery time table is to be based on the complexity of the action)**

**4) MOTIONS**: All motions, including discovery motions, shall be made on or before the 31st day of October, 2011. **(Non-Dispositive motions including discovery motions may only be brought after the parties have complied with Section IX of General Order #25)**

**5) PROPOSED DATE FOR THE COMMENCEMENT OF TRIAL**: Plaintiffs propose that (1) if no dispositive motion is filed, the action will be ready to proceed to trial by the 5th day of December, 2011, and (2) if one or more dispositive motions are filed, the action will be ready to proceed to trial by the 16th day of January, 2012. Defendant proposes that the action will be ready to proceed to trial on or after the 16th day of January, 2012. The parties anticipate that the trial will take approximately five to eight days to complete. The parties request that the trial be held in Syracuse, New York. **(The proposed date for the commencement of trial must be within 18 months of the filing date)**.

**6) HAVE THE PARTIES FILED A JURY DEMAND**:  __X__ (YES) / _____ (NO).

**7) DOES THE COURT HAVE SUBJECT MATTER JURISDICTION? ARE THE PARTIES SUBJECT TO THE COURT'S JURISDICTION? HAVE ALL PARTIES BEEN SERVED?**

> The Court has subject matter jurisdiction, the parties are subject to the Court's jurisdiction, and all parties have been served.

**8) WHAT ARE THE FACTUAL AND LEGAL BASES FOR PLAINTIFF'S CLAIMS AND DEFENDANT'S DEFENSES (INCLUDE COUNTERCLAIMS & CROSSCLAIMS, IF APPLICABLE)?**

**The Factual and Legal Bases for Plaintiff's claims are as follows:**

> Plaintiffs own a second home located at 5758 Mill Street, Eaton, New York 13334 (the "Home"). Liberty sold Plaintiffs the LibertyGuard Deluxe Homeowners Policy No. H32-221-361798-900 3, with a policy period of January 1, 2010 through January 1, 2011, insuring the Plaintiffs against risk of, among other things, fire to the Home, subject to certain conditions and exclusions in the Policy.

> On January 10, 2010, a fire (the "Fire") caused significant damage to the home and to Plaintiffs' contents, among which were valuable antiques. Plaintiffs promptly notified Liberty of the fire damage and submitted a claim under the Policy for damage to their Home and contents and for all other benefits due to them under the Policy (the "Claim"). One year later, Liberty denied Plaintiffs' Claim, contending that Plaintiffs failed to cooperate with Liberty's investigation and that Plaintiffs set the Fire or caused it to be set.

> Plaintiffs contend that Liberty's denial of coverage was improper, unjustified, and constitutes bad faith. Liberty's purported investigation ignored substantial evidence, including the conclusions of the Madison County fire investigator responsible for investigating the Fire, demonstrating the accidental nature of the Fire.

> Plaintiffs retained fire consultants (the "Consultants") to investigate the cause and origin of the Fire. Following a thorough investigation, the Consultants concluded that the Fire was accidental, and Plaintiffs offered to share their Consultants' findings with Liberty as part of its investigation. Liberty initially agreed to meet with the Consultants, but then reneged on its promise and issued its denial of coverage without the benefit of the information obtained by the Consultants evidencing the accidental nature of the Fire. Upon information and belief, Liberty

improperly denied Plaintiffs' Claim for the purposes of placing its own pecuniary interests ahead of those of the Plaintiffs, its policyholders, and for withholding from the Plaintiffs the rights and benefits to which they are entitled under the Policy.

Due to Liberty's wrongful denial of coverage and failure to pay the benefits due the Plaintiffs under the Policy, the damage to Home has significantly worsened. Additionally, Plaintiffs have incurred and to continue to incur substantial additional living expenses as a result of the Fire and as a result of Liberty's improper refusal to pay the amounts due under the Policy to restore the Home to its pre-loss condition. Liberty also has improperly and without justification cancelled Plaintiffs' current homeowners insurance policy for the Home.

The damage to the Plaintiffs' Home and contents as well as their unreimbursed past and continuing additional living expenses (collectively, the "Loss") fall within the coverage of the Policy, and Plaintiffs' have satisfied all applicable conditions to coverage under the Policy.

Despite the Plaintiffs' full cooperation with Liberty, and their entitlement to full coverage under the Policy, to date Liberty has not paid any portion of the covered Loss. Liberty has refused in bad faith to pay amounts that it knows to be owing under the Policy for no legitimate reason, and for the improper purpose of depriving the Plaintiffs of the coverage for which they paid.

Accordingly, Plaintiffs have sued Liberty for a declaratory judgment, breach of contract, violation of the duty of good faith and fair dealing, and violation of N.Y. Gen. Bus. Law § 349.

### The Factual and Legal Basis for Defendant's defenses are as follows:

Liberty undertook an investigation into the origin and cause of the fire, and based upon that examination and the results of laboratory tests, concluded the fire was intentionally set. This determination was based upon multiple points of origin and the presence of ignitable liquid (accelerants) in areas of the second floor where their presence could not otherwise be explained. The Plaintiffs were at home when the fire took place.

The motive for this fire is apparent in the financial condition of the Plaintiffs. The property was in foreclosure, and a judgment of foreclosure had been rendered prior to the fire, although the foreclosure sale had not yet taken place. At the time of the fire, the amount of the judgment of foreclosure was over $600,000.

The Plaintiffs had been unsuccessful in their attempts to sell the property and had no hope of paying the judgment with their own resources. Mr. Laskowski had unsecured debt of about $180,000, and Mr. Hall's unsecured debt of $350,000 had been eliminated by a recent bankruptcy filing, which had also stopped the foreclosure sale.

Notwithstanding the Plaintiffs' contention to the contrary, the Madison County authorities responsible for investigating this fire have not concluded that the fire was accidental. In fact, their investigation into the cause of the fire is still open, and no determination has been made.

### 9) WHAT FACTUAL AND LEGAL ISSUES ARE GENUINELY IN DISPUTE?

At the present time, the parties dispute:

1. The cause and origin of the Fire;

2. Whether Plaintiffs failed to cooperate with Liberty Mutual in its investigation of Plaintiffs' insurance claim;

3. Whether Liberty Mutual acted in good faith in handling Plaintiffs' insurance claim and whether its conduct violated N.Y. Gen. Bus. Law § 349;

4. The extent of damages Plaintiffs suffered as a result of the Fire; and

5. The legal issues raised in Defendant's currently pending motion to dismiss.

### 10) CAN THE ISSUES IN LITIGATION BE NARROWED BY AGREEMENT OR BY MOTIONS? ARE THERE DISPOSITIVE OR PARTIALLY DISPOSITIVE ISSUES APPROPRIATE FOR DECISION ON MOTION?

Defendant filed a motion to dismiss Counts I, III, and IV of Plaintiffs' Complaint. Plaintiffs' opposition to the same is due on May 2, 2011. Presently, the parties do not anticipate any other issues that may be appropriate for decision on motion, but will reevaluate that issue upon completion of fact discovery. The parties may also be able to stipulate to a portion of the damages that Plaintiffs suffered as a result of the fire (*i.e.*, the cost to repair/replace the Home), but will need to evaluate that upon completion of fact discovery.

### 11) WHAT SPECIFIC RELIEF DO THE PARTIES SEEK? WHAT ARE THE DAMAGES SOUGHT?

Plaintiffs seek compensatory damages in an amount to be determined at trial, but currently believed to be in excess of $1.5 million; consequential damages in an amount to be determined at trial; treble damages; pre- and post-judgment interest; attorneys' fees; costs; and other relief as this Court may deem appropriate.

Defendant seeks the dismissal of the Plaintiffs' claims.

### 12) DISCOVERY PLAN:

#### A. Mandatory Disclosures

The parties will exchange the mandatory disclosures required under Rule 26(a)(I) on or before May 6, 2011.

**B.     Subjects of Disclosure**

The parties jointly agree that discovery will be needed to address the following subjects:

1. The cause and origin of the Fire;

2. Whether Liberty Mutual acted in good faith in handling Plaintiffs' insurance claim and whether its conduct violated N.Y. Gen. Bus. Law § 349; and

3. The extent of damages Plaintiffs suffered as a result of the Fire.

**C.     Discovery Sequence**

Describe the parties' understanding regarding the timing of the discovery, and state whether it is anticipated that discovery will be phased to address different issues in stages.

The parties will conduct discovery of all issues in the case, including damages, on or before September 30, 2011.

**D.     Written Discovery**

Describe the written discovery demands which the parties contemplate serving under Rules 33, 34 and 36, including when they will be promulgated, the areas to be covered, and whether there is any need for any party to exceed the number of interrogatories permitted under Rule 33.

The parties anticipate serving document requests and/or interrogatories concerning the subjects of disclosure listed in Section 12. B., *supra*, on or before May 13, 2011, and may serve notices to admit closer to the time of trial. The parties do not presently contemplate any need to exceed the number of interrogatories permitted under Rule 33.

**E.     Depositions**

Set forth the parties' expectations regarding depositions, including the approximate number to be taken, their location, a general description of the deponents, and an indication of whether any non-party fact depositions are anticipated.

The parties presently contemplate taking approximately 17 depositions, including:

1. Plaintiffs;

2. Plaintiffs' experts on the cause and origin of the Fire and damages;

3. Liberty Mutual employees (claims representatives and a fraud investigator);

4. Liberty Mutual experts on the cause and origin of the Fire and damages;

5. Approximately five Fire-related non-party witnesses such as first responders, the Madison County Fire Investigator, and the Eaton Fire District Deputy Chief; and

6. The electrician who wired Plaintiffs' Jacuzzi tub (non-party), where Plaintiffs contend the Fire originated.

The parties will endeavor to conduct party depositions at mutually convenient locations. In the event the parties cannot agree on a location, party depositions shall be held in or around Syracuse, New York. Non-party depositions shall be held in a location convenient for the witness.

### F. Experts

Set forth the parties' expectations regarding the retention of experts, and identify any particular issues to be addressed by the court concerning the retention and exchange of the information regarding experts, including whether the parties seek a variance from the expert disclosure requirements of the form uniform pretrial scheduling order typically issued by the court (i.e., initial expert disclosure at least ninety days, responsive expert disclosures at least forty-five days, and rebuttal reports due at least thirty days, before the close of discovery).

The parties presently contemplate the retention of experts on the subjects of the cause and origin of the fire, damages, and Defendant's conduct in handling Plaintiffs' insurance claim. The parties do not seek a variance from the expert disclosure requirements of the form uniform pretrial scheduling order typically issued by the Court.

### G. Electronic Discovery

Set forth the parties' understanding and expectations regarding discovery of electronically stored information. This description should include any agreements reached with respect to the retention of electronically stored information and the manner in which it will be produced, if requested. The parties should also identify any agreements regarding the manner in which electronically stored information subject to claims of privilege or work product protection will be handled, and whether a court order will be requested, either on stipulation or otherwise, to address this issue. If an agreement has been reached on the entry of such an order, provide a brief description of the provisions which will be included in a proposed order.

The parties have agreed to the production of electronically stored information, including but not limited to emails, spreadsheets, claim notes and other claim-specific software applications, in hard-copy format. To the extent that electronically stored information is withheld on the basis of privilege, an appropriate privilege log shall be produced. The parties do not anticipate requesting a Court order to this effect.

### H. Protective Orders

If the parties anticipate requesting a protective order from the court pursuant to Rule 26(c), describe the basis for the request and nature of the proposed protective order.

Plaintiffs submit the following: During Liberty Mutual's one-year investigation of Plaintiffs' insurance claim, Liberty Mutual conducted lengthy, two-day examinations under oath ("EUOs") of both Plaintiffs totaling 534 pages of sworn testimony. Liberty Mutual's

questioning of Plaintiffs during the EUOs covered a number of topics, including but not limited to Plaintiffs' financial history and current financial position, the history of the extensive renovations to the Home, the circumstances of the Fire, and the observations of Plaintiffs at the time of the Fire. Plaintiffs are, of course, willing to produce Plaintiffs for deposition concerning topics not previously covered, but submit that further deposition questioning on topics already covered in the EUOs should not be permitted since such questioning would be unreasonably cumulative, would present a significant financial hardship to Plaintiffs, and would be unfairly prejudicial. *Jones v. State Farm Fire & Cas. Co.*, 129 F.R.D. 170, 171 (N.D. Ind. 1990) (limiting deposition to areas not covered in previous EUOs because there would be "no logical reason why [the] deposition should duplicate the material covered by the [EUO]...."). If this issue cannot be resolved at the May 4th Rule 16 Conference, Plaintiffs anticipate requesting a protective order from the Court pursuant to Rule 26(c) to limit any further depositions of Plaintiffs to areas not covered in previous EUOs.

The Defendant maintains that the Plaintiffs are asking for what amounts to "issue preclusion" for any topic touched on during the examinations under oath. It is not the Defendant's intention to ask the same questions of the Plaintiffs that have been previously asked since there is no purpose in doing so. However, there are questions that have not been asked of the Plaintiffs about topics which have been discussed to some extent or even in great detail. I seriously doubt there is any relevant topic that wasn't probed to some degree. Granting the plaintiff's application is tantamount to denying the Defendant's right to conduct a deposition about any topic other than what the plaintiffs have been doing with themselves since the EUOs were completed.

### I.   **Anticipated Issues Requiring Court Intervention**

Provide a brief description of any discovery related issues which, the parties reasonably anticipate, may require court intervention.

Presently, the parties do not anticipate any discovery related issues that may require court intervention except as set forth immediately above. Also, depending on the outcome of Defendant's motion to dismiss, the parties may have a dispute concerning the extent of discovery Defendants are willing to produce voluntarily in connection with Plaintiffs' claim for violation of N.Y. Gen. Bus. Law § 349. At least initially, Plaintiffs will be requesting that Defendant produce its claims files relative to fire loss denials in New York State for the previous seven years.

The Defendant's view of anticipated issues that may require court intervention is as follows:

The Defendant has made a motion to dismiss Count IV which alleges a violation of New York General Business Law § 349. This statute prohibits deceptive acts and practices in the conduct of any business in the State of New York.

The Plaintiffs claim, in their Complaint, that Liberty "...regularly and routinely fails to live up to the promises to provide insurance coverage as set forth in such policies, and fails to observe fair and reasonable claims adjustment practices...". The Plaintiffs further allege

that Liberty "…regularly and routinely engages in the practice of avoiding or inordinately delaying the settlement of the claim…".

Based merely upon these vague, unsupported and conclusory allegations, the Plaintiffs seek to compel Liberty to provide a complete copy of the files of all fire claims denied in New York over a seven year period. Counsel believes it is unreasonable to require Liberty to produce 7 years of closed files, at considerable expense, when there is a pending motion which, if granted, will make the produced material irrelevant. Counsel will be prepared at the Rule 16 conference to advise the Court of the logistics involved in producing this information.

**13) IS IT POSSIBLE TO REDUCE THE LENGTH OF TRIAL BY STIPULATIONS, USE OF SUMMARIES OR STATEMENTS, OR OTHER EXPEDITED MEANS OF PRESENTING EVIDENCE? IS IT FEASIBLE AND DESIRABLE TO BIFURCATE ISSUES FOR TRIAL?**

Presently, the parties are confident that they should be able to reduce the length of trial by stipulations and will explore other expedited means of presenting evidence closer to the time trial. The issues present in this case are very closely related and, therefore, bifurcation is undesirable as it would result in a waste of judicial resources.

**14) ARE THERE RELATED CASES PENDING BEFORE THE JUDGES OF THIS COURT?** No.

**15) IN CLASS ACTIONS, WHEN AND HOW WILL TILE CLASS BE CERTIFIED?** N/A

**16) WHAT ARE THE PROSPECTS FOR SETTLEMENT?** Please circle below the prospect for settlement:

1-----2----**3**-----4-----5-----6-----7-----8-----9-----10
(VERY UNLIKELY) →→→→→→→→→→→→→ (LIKELY)

CANNOT BE EVALUATED PRIOR TO _____(DATE)

**HOW CAN SETTLEMENT EFFORTS BE ASSISTED?**

The parties have initiated a dialogue concerning settlement and will inform the Court if they determine that assistance is needed in this regard.

*(Do not indicate any monetary amounts at this time, settlement will be explored by the Magistrate Judge at the time of the initial status conference)*

*COMPLETE QUESTION 17 ONLY IF YOUR FILING ORDER COVER SHEET WAS CHECKED AS AN ADR TRACK CASE. THE PROGRAMS LISTED BELOW ARE COURT-ANNEXED AND NON-BINDING.*

**17) IF YOUR CASE WAS SELECTED AS A QUALIFYING CONTRACT, TORT, OR NON-PRISONER CIVIL RIGHTS ACTION, PLEASE SELECT THE PREFERRED ADR METHOD.**

|   |   |
|---|---|
| _____ | ARBITRATION |
| \_\_\_X\_\_\_ | MEDIATION |
| _____ | EARLY NEUTRAL EVALUATION |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pursuant to Fed. R. Civ. P. 26(f), telephonic meetings were held on April 7, 2011 and April 19, 2011, and were attended by Dennis J. Artese and Marc T. Ladd for Plaintiffs and Thomas J. O'Connor for Defendant.

s/ Finley T. Harckham  
Finley T. Harckham  
Dennis J. Artese  
Marc T. Ladd  
Anderson Kill & Olick, P.C.  
1251 Avenue of the Americas  
New York, New York 10020  
T: 212-278-1000  

for plaintiffs  

MARK R. LASKOWSKI and RICHARD HALL  

s/ Thomas J. O'Connor  
Thomas J. O'Connor  
Hiscock & Barclay  
50 Beaver Street  
Albany, New York 12207-2830  
T: 518-429-4276  

for defendant  

LIBERTY MUTUAL FIRE INSURANCE COMPANY  

At the Rule 16(b) conference, the Court will issue an order directing the future proceedings in this action. The parties are advised that failure to comply with this order may result in the imposition of sanctions pursuant to Federal Rules of Civil Procedure 16(f).

*Please detach this case management plan form and return f/se completed form to the clerk for filing at least ten (10) days in advance of the conference date.*