UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

**MARK R. LASKOWSKI and RICHARD HALL**,

                *Plaintiffs*,

    *-vs-*

**LIBERTY MUTUAL FIRE INSURANCE COMPANY**,

                *Defendant*.

Civil Action No.
5:11-cv-340
(GLS/ATB)

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF DEFENDANT'S MOTION TO DISMISS**

 

**HISCOCK & BARCLAY, LLP**
*Attorneys for Defendant*
Liberty Mutual Fire Insurance Company
Office and Post Office Address
50 Beaver Street
Albany, NY 12207-1511
Telephone (518) 429-4276

5358422.1

# TABLE OF CONTENTS

ARGUMENT

    POINT I

    PLAINTIFFS' DO NOT CONTEST THE DISMISSAL OF THE
    FIRST CAUSE OF ACTION OR THE DEMAND FOR PUNITIVE DAMAGES .................3

    POINT II

    THE THIRD CAUSE OF ACTION SHOULD BE DISMISSED ............................................3

    POINT III

    THE FOURTH CAUSE OF ACTION SHOULD BE DISMISSED .........................................7

CONCLUSION ................................................................................................................10

Copy of Decisions from Computerized Database...............................................................Appendix

5358422.1/3051265

## ARGUMENT

### POINT I

### PLAINTIFFS' DO NOT CONTEST THE DISMISSAL OF THE FIRST CAUSE OF ACTION OR THE DEMAND FOR PUNITIVE DAMAGES

Preliminarily, Plaintiffs' do not contest the dismissal of the first cause of action seeking a declaratory judgment against Liberty.  (*See* Plaintiffs' Memorandum of Law, Docket #20, p. 1, n. 1).  Consequently, the first cause of action seeking a declaratory judgment against Liberty should be dismissed.

Similarly, Plaintiffs contend that "at this stage of the proceedings, Plaintiffs do not claim to have asserted a right to punitive damages . . . [but] reserve the right to move to amend their Complaint in the future to seek punitive damages."  (*See* Plaintiffs' Memorandum of Law, Docket #20, p. 10, n. 5).  Despite this recent assertion, there is no question that Plaintiffs have alleged that they are entitled to such damages in Count III of their Complaint (*See* Complaint, Docket #1, p. 8, ¶ 45).  In light of Plaintiffs' apparent willingness to waive their right to seek punitive damages at this time, and for the reasons previously set forth in Liberty's principal Memorandum of Law, the demand for punitive damages should be dismissed, with prejudice, from the Complaint.

### POINT II

### THE THIRD CAUSE OF ACTION SHOULD BE DISMISSED

The third cause of action alleging a "violation of the duty of good faith and fair dealing" should be dismissed as a matter of law because it is entirely duplicative of the second cause of action alleging a breach of contract.

There is no dispute in this case that Plaintiffs have asserted two separate and independent causes of action against Liberty arising out of the alleged breach of contract – one for breach of contract (Count II) and one for breach of the implied covenant of good faith and fair dealing (Count III).  Not only do both causes of action assert the same type of claim against Liberty (i.e., that Liberty breached the insurance agreement), but both causes of action seek the same form of relief, including compensatory and consequential damages.  Courts in New York have consistently held – even after the Court of Appeals' decision in *Bi-Economy Market, Inc. v. Harleysville Ins. Co. of N.Y.*, 10 N.Y.3d 187 (2008) – that separate causes of action cannot be maintained on these theories.

It is well settled that an alleged breach of the implied duty to act in good faith is encompassed within a standard breach of contract claim and is not recognized as a separate tort cause of action in New York.  *See New York Univ. v. Continental Ins. Co.*, 87 N.Y.2d 308, 319-320 (1995); *Paterra v. Nationwide Mut. Fire Ins. Co.*, 38 A.D.3d 511, 512-513 (2d Dep't 2007) (claim predicated on alleged breach of implied duty of good faith is duplicative of breach of contract claim); *Alexander v. GEICO Ins. Co.*, 35 A.D.3d 989, 990 (3d Dep't 2006); *Zawahir v. Berkshire Life Ins. Co.*, 22 A.D.3d 841, 842 (2d Dep't 2005).

Contrary to Plaintiffs' contention, the Court of Appeals' decision in *Bi-Economy Market* did not change this well-established law.  In *Bi-Economy Market*, the Court of Appeals simply held that an insured can recover consequential damages in a breach of contract cause of action so long as such damages are within the contemplation of the parties when the contract was entered.  *See Bi-Economy Market*, 10 N.Y.3d at 192.  Thus, the decision only affirms that consequential damages are recoverable, under certain circumstances, in an insurance coverage action.

Notwithstanding the Court of Appeals' decision in *Bi-Economy Market*, state and federal courts in this state have continued to dismiss separate causes of action alleging a breach of the implied covenant of good faith, especially where the insured is already pursuing consequential damages as part of its breach of contract cause of action.  *See e.g. Goldmark, Inc. v. Catlin Syndicate Ltd.*, 2011 U.S. Dist. LEXIS 18197, *12 (E.D.N.Y. 2011) ("Plaintiff's claim for consequential, extra-contractual damages is properly part of their breach of contract claim and not a separate cause of action"); *Schlather v. One Beacon Ins. Co.*, 2011 U.S. Dist. LEXIS 5779, *10-11 (N.D.N.Y. 2011) (third cause of action alleging breach of good faith covenant is duplicative of breach of contract claim where plaintiffs also seek consequential damages); *Woodhams v. Allstate Fire & Cas. Co.*, 748 F. Supp. 2d 211, 223 (S.D.N.Y. 2010) (in spite of *Bi-Economy Market* decision, New York does not recognize independent tort cause of action for insurer bad faith where breach of contract claim has also been asserted); *Fabrizio v. Erie Ins. Co.*, 2009 U.S. Dist. LEXIS 13344 (N.D.N.Y. 2009); *see also Panasia Estates, Inc. v Hudson Ins. Co.*, 68 A.D.3d 530 (1st Dep't 2009) (precluding amendment of complaint to assert additional breach of contract claim where insured was already pursuing claim for breach of implied covenant and seeking consequential damages).

Plaintiffs' rely heavily on the only reported decision that could be identified where a court permitted a separate cause of action alleging a breach of the implied covenant of good faith and fair dealing to proceed simultaneously with a breach of contract claim.  *See Chernish v. Mass. Mut. Life Ins. Co.*, 2009 U.S. Dist. LEXIS 9617 (N.D.N.Y. 2009).  The *Chernish* decision is not consistent with the other decisions cited above, including the two that were decided by this Court (*Schlather* and *Fabrizio*), both of which were decided after the *Chernish* decision. Consequently, it is submitted that the *Chernish* decision should not be followed by this Court.

5358422.1/3051265

Based on the foregoing, the third cause of action in Plaintiffs' Complaint is duplicative of the second cause of action alleging a breach of contract.  The alleged breach of the implied duty of good faith and fair dealing in Count III is already encompassed within Plaintiffs' breach of contract cause of action set forth in Count II.  To the extent that Plaintiffs contend that the third cause of action is necessary to support a claim for consequential damages, such damages are already sought in the context of the breach of contract claim.  (*See* Complaint, ¶ 34).

The fact that Plaintiffs have asserted additional allegations in the third cause of action in which they contend that Liberty acted in bad faith in denying coverage does not change this result.  By adding these allegations, Plaintiffs have done nothing more than use "familiar tort language" to describe Liberty's alleged breach of contract.  (*See* Complaint, ¶ 41) ("unreasonably, maliciously, recklessly or intentionally denying its obligations . . . refusing to pay the Loss without a reasonable basis . . . breaching its promise of security to the Plaintiffs by unreasonably and without justification reneging on the homeowners insurance benefits . . .").

Courts have consistently held that the use of such language will not transform a breach of contract claim into a tort claim.  *See Clark-Fitzpatrick, Inc. v. Long Island R. Co.*, 70 N.Y.2d 382, 390 (1987) ("employing language familiar to tort law, does not, without more, transform a simple breach of contract into a tort claim"); *Bettan v. Geico Gen. Ins. Co.*, 296 A.D.2d 469, 470 (2d Dep't 2002) (use of familiar tort language, such as the insurer's delay of payment was "intentional and malicious," is not sufficient to support a claim for an alleged breach of implied covenant of good faith).

Plaintiffs have not alleged any conduct on the part of Liberty that is distinct from the obligations owed pursuant to the insurance agreement.  Absent such allegations, there is no basis

- 6 -

to allow a separate tort cause of action to proceed against Liberty. Accordingly, the third cause of action should be dismissed in its entirety.

## POINT III

### PLAINTIFFS' FOURTH CAUSE OF ACTION SHOULD BE DISMISSED

Plaintiffs' fourth cause of action against Liberty alleging a violation of New York's General Business Law § 349 should also be dismissed.

As previously set forth in Liberty's principal Memorandum of Law, General Business Law § 349 is designed to prevent deceptive acts that are directed at consumers as a whole or the public at large. *See Gaidon v. Guardian Life Ins. Co. of Am.*, 94 N.Y.2d 330, 343 (1999); *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 25 (1995).

Consequently, private contractual disputes between an insurer and an insured as to whether there is coverage for a particular claim do not fall within the scope of the statute. *See New York Univ. v. Continental Ins. Co.*, 87 N.Y.2d 308, 320-321 (1995); *Hassett v. N.Y. Cent. Mut. Fire Ins. Co.*, 302 A.D.2d 886, 887 (4th Dep't 2003); *Fekete v. GA Ins. Co.*, 279 A.D.2d 300 (1st Dep't 2001); *Pellechia & Pellechia, Inc. v. American Nat'l Fire Ins. Co.*, 244 A.D.2d 395, 396 (2d Dep't 1997); *Schunk v. New York Cent. Mut. Fire Ins. Co.*, 237 A.D.2d 913, 915 (4th Dep't 1997).

Federal courts have likewise dismissed claims brought under General Obligations Law § 349, which fail to threaten the public at large. *See Cohen v. JP Morgan Chase & Co.*, 498 F.3d 111, 126 (2d Cir. 2007); *Shapiro v. Berkshire Life Ins. Co.*, 212 F.3d 121, 126 (2d Cir. 2000); *O.K. Petroleum Distrib. Corp. v. Travelers Indem. Co.*, 2010 U.S. Dist. LEXIS 71465, *12-14 (S.D.N.Y.2010) (unsupported and speculative allegations that insurer's practices are part of a

- 7 -

systemic program aimed at policyholders generally and that they allegedly have an impact on consumers at large are insufficient to proceed with General Business Law § 349 claim).

Here, Plaintiffs allege that Liberty engaged in deceptive acts and practices in violation of the statute "by engaging in the activities described in paragraph 41, above," which included denying coverage (with various levels of intent) and without conducting a complete investigation. (*See* Complaint, Docket #1, ¶¶ 41, 51). All of these allegations relate to this particular claim and not to any conduct on the part of Liberty directed at the public at large. Plaintiffs further allege that Liberty sells "standard form homeowners policy" to the public (¶¶ 51, 56), but Plaintiffs fail to mention that the "standard fire insurance policy" is governed by Insurance Law § 3404, with which all fire insurance policies issued in New York must conform. Despite Plaintiffs' best efforts, there is no conduct on the part of Liberty in this case directed at the public at large.

Additionally, in an attempt to preserve this cause of action, Plaintiffs cite to a number of "insured versus insurer" cases where General Obligations Law § 349 claims were permitted to proceed. However, the facts underlying these decisions are inapposite to the facts of the instant case where the claim is premised entirely on Liberty's decision to deny coverage for this particular claim. *See e.g. Gaidon v. Guardian Life Ins. Co. of Am.*, 94 N.Y.2d 330 (1999) (class-action lawsuit challenging insurer's deceptive marketing scheme of life insurance policies); *Wilner v. Allstate Ins. Co.*, 71 A.D.3d 155 (2d Dep't 2010) (plaintiffs alleged that policy required them to protect the insurer's subrogation interest while claim was being investigated and compelled them to commence a suit before an applicable statute of limitations expired); *Scavo v. Allstate Ins. Co.*, 238 A.D.2d 571 (2d Dep't 1997) (alleged scheme employed by insurer required insureds to use contractors affiliated with insurer).

Plaintiffs' reliance upon the decision in *Riordan v. Nationwide Mutual Fire Ins. Co.*, 756 F.Supp. 732 (S.D.N.Y. 1990) is also misplaced.  In *Riordan*, the plaintiffs made very detailed and specific allegations concerning the timing of their claim, the extensiveness of the investigation, and provided specific deposition testimony from the insurer's representative.  *Id.* at 735-737.  The plaintiffs also specifically identified several policies and practices allegedly employed by the insurer that were in violation of the Insurance Law.  *Id.* at 737-739.  Plaintiffs also alleged that the insurer tried to coerce them to settle their claim for less than it was worth.  *Id.* at 739.

Given the unique facts alleged in *Riordan*, other federal courts have properly declined to follow the decision and allow an insured to pursue a General Obligations Law § 349 claim against an insurer under ordinary circumstances where the sole issue is whether the insureds are covered for a particular loss under the insurance policy.  *See Perfect Dental, PLLC v. Allstate Ins. Co.*, 2006 U.S. Dist. LEXIS 62226, *7-9 (E.D.N.Y. 2006) (noting that merely citing "catch phrases" without any specific allegations concerning an insurer's deceptive schemes, polices, or practices is insufficient to survive a motion to dismiss under Fed. R. Civ. P. 12); *USAlliance Fed. Credit Union v. CUMIS Ins. Soc'y, Inc.*, 346 F. Supp. 2d 468, 472 (S.D.N.Y. 2004) (plaintiffs allegations were conclusory only and not like the "litany" of deceptive practices alleged in *Riordan*); *Tinlee Enters. v. Aetna Casualty & Sur. Co.*, 834 F. Supp. 605, 609-610 (E.D.N.Y. 1993) (a "closer look" at *Riordan* reveals more detailed and specific allegations than normally exist in a breach of contract action between an insurer and insured).

Like the foregoing cases that have declined to follow the *Riordan* decision, Plaintiffs in this case have not set forth any specific and detailed allegations against Liberty that would permit a claim under General Obligations Law § 349 to survive.  Plaintiffs have done nothing

more than cite certain "catch phrases" in their complaint in an effort to claim that Liberty's denial of coverage somehow affected the public at large. Despite these conclusory allegations, this action is simply a private contractual dispute between insureds and their insurer concerning what benefits, if any, Plaintiffs are entitled to for their alleged loss.

## CONCLUSION

For the reasons stated herein, and in Liberty's principal Memorandum of Law, Plaintiffs' first, third and fourth causes of action should be dismissed in their entirety, together with any and all other relief deemed appropriate, equitable, and just.

**DATED:**     May 9, 2011                              **HISCOCK & BARCLAY, LLP**

By:     /s Thomas J. O'Connor
         Thomas J. O'Connor
         Bar Roll: 103475

*Attorneys for Defendant*
Liberty Mutual Fire Insurance Company
Office and Post Office Address
50 Beaver Street
Albany, NY 12207-1511
Telephone (518) 429-4276

- 10 -

5358422.1/3051265