**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**MARK R. LASKOWSKI and**
**RICHARD HALL,**

                     **Plaintiffs,**               **5:11-cv-340**
                                              **(GLS/ATB)**

        **v.**

**LIBERTY MUTUAL FIRE**
**INSURANCE COMPANY,**

                     **Defendant.**
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **FOR THE PLAINTIFFS:** | |
| Anderson, Kill Law Firm | DENNIS J. ARTESE, ESQ. |
| 1251 Avenue of the Americas | FINLEY HARCKHAM, ESQ. |
| 42nd Floor | MARC T. LADD, ESQ. |
| New York, NY 10020-1182 | |
| | |
| **FOR THE DEFENDANT:** | |
| Hiscock, Barclay Law Firm | THOMAS J. O'CONNOR, ESQ. |
| 50 Beaver Street | |
| Fifth Floor | |
| Albany, NY 12207-2830 | |

**Gary L. Sharpe**
**District Court Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiffs Mark R. Laskowski and Richard Hall commenced this

action[1] against defendant Liberty Mutual Fire Insurance Company (Liberty), asserting claims for declaratory judgment, breach of contract, violation of a duty of good faith and fair dealing, and violation of N.Y. Gen. Bus. Law § 349 (McKinney 2004).  (Compl. ¶¶ 27-62, Dkt. No. 1.)  Pending is Liberty's motion to dismiss Laskowski and Hall's declaratory judgment, good faith and fair dealing and N.Y. Gen. Bus. Law § 349 claims.  (*See* Dkt. No. 13.) For the reasons that follow, the motion is granted.

## II. **Background**[2]

On January 10, 2010, fire consumed the Eaton, New York home of plaintiffs Laskowski and Hall, causing significant damage to the structure and its contents.  (Compl. ¶¶ 7-9, Dkt. No. 1.)  Plaintiffs held a homeowners insurance policy on the home through Liberty.  (*Id.* ¶ 8.)  Following the January 10 fire, Laskowski and Hall notified Liberty of the damage and submitted a claim under their insurance policy.  (*Id.* ¶ 10.)  One year later, Liberty denied Laskowski and Hall's claim on the grounds that they failed to cooperate with Liberty's investigation and that they set the fire or caused it

---

[1] This action was commenced in the Southern District of New York and was transferred to this court on March 28, 2011.  (*See* Dkt. No. 10.)

[2] The facts are drawn from plaintiffs' Complaint and presented in a light most favorable to them. (*See* Compl., Dkt. No. 1.)

to be set.  (*Id.* ¶ 11.)  Liberty also cancelled Laskowski and Hall's homeowners insurance policy.  (*Id.* ¶ 21.)

Despite Liberty's contentions that plaintiffs failed to cooperate with its fire investigation, Laskowski and Hall contend that they retained fire consultants to investigate the blaze and offered to share the findings of those consultants with Liberty.  (*Id.* ¶¶ 14-15.)  While initially agreeing to meet with Laskowski and Hall's consultants, Liberty reneged on that offer and issued a denial of coverage without reviewing the consultant's findings. (*Id.* ¶ 16.)  Laskowski and Hall also allege that in conducting its investigation, Liberty ignored the Madison County fire investigator's conclusion that the fire was accidental.  (*Id.* ¶ 13.)  As a result of Liberty's refusal to pay any portion of Laskowski and Hall's loss, plaintiffs allege that they have incurred additional and continuing living expenses, and that the damage to their Eaton home has significantly worsened.  (*Id.* ¶¶ 18, 20.)

### III.  <u>Standard of Review</u>

The standard of review under Federal Rules of Civil Procedure 12(b)(6) is well established and will not be repeated here.  For a full discussion of the standard, the court refers the parties to its previous opinion in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218

3

(N.D.N.Y. 2010).

## IV. Discussion

### A. Declaratory Judgment

In their first cause of action, Laskowski and Hall request judicial declaration that Liberty is "obligated to perform its contractual obligation" and that "[p]laintiffs are entitled to coverage for the full amount of their [l]oss." (Compl. ¶ 30, Dkt. No. 1.) Liberty moves unopposed to dismiss Laskowski and Hall's claim on the grounds that declaratory relief is inappropriate where, as here, a plaintiff possesses an alternative remedy. (Dkt. No. 13.) The court agrees. Accordingly, Liberty's motion to dismiss Laskowski and Hall's claim for declaratory judgment is granted and plaintiffs' first cause of action is dismissed.

### B. Duty of Good Faith and Fair Dealing

In their third cause of action, Laskowski and Hall allege that Liberty is liable for a violation of "the duty of good faith and fair dealing" (Compl. ¶¶ 35-45., Dkt. No. 1.) Liberty seeks to dismiss Laskowski and Hall's third claim because it is duplicative of their breach of contract claim and lacks a factual basis. (Dkt. No. 13 at 3.) The court agrees that dismissal is warranted.

In every contract, there is an "implied covenant of good faith and fair dealing." *District Lodge 26, Intern. Ass'n of Machinists & Aerospace Workers, AFL-CIO v. United Tech. Corp.*, 610 F.3d 44, 54 (2d Cir. 2010). A cause of action for breach of this implied covenant, however, "cannot be maintained where the alleged breach is intrinsically tied to the damages allegedly resulting from a breach of contract." *Schlather, Stumbar, Parks & Salk, LLP v. One Beacon Ins. Co.*, No. 5:10-cv-0167, 2011 WL 222235, at *4 (N.D.N.Y. Jan. 21, 2011) (quotation marks and citation omitted).

Laskowski and Hall allege that Liberty breached its duty of good faith and fair dealing by, *inter alia*, "[u]nreasonably, maliciously, recklessly, or intentionally" denying their claim and delaying decision of that denial. (Compl. ¶¶ 40-43, Dkt. No. 1.)  While Laskowski and Hall argue that such allegations constitute a separate cause of action, "employing language familiar to tort law, does not, without more, transform a simple breach of contract into a tort claim." *Clark-Fitzpatrick, Inc. v. LIRR Co.*, 70 N.Y.2d 382, 390 (1987).

Laskowski and Hall place great weight on *Chernish v. Mass. Mut. Life Ins. Co.,* No. 5:08-cv-0957, 2009 WL 385418 (N.D.N.Y. Feb. 10, 2009) for the proposition that claims for breach of covenant of good faith and breach

5

of contract can be pursued simultaneously.  Subsequent case law in this

District, however, has made clear that where the wrong alleged and the

damages sought are the same, a breach of covenant of good faith and fair

dealing claim is duplicative of a breach of contract claim and should be

dismissed.  *Schlather*, 2011 WL 222235, at *4.  Here, because Laskowski

and Hall's allegations under both causes of action complain of the same

wrongdoing, and both claims seek consequential damages (*see* Compl. ¶¶

34, 45, Dkt. No. 1), plaintiffs' breach of covenant claim is duplicative of their

breach of contract claim.  Accordingly, Liberty's motion to dismiss

Laskowski and Hall's third cause of action is granted.[3]

**C.   N.Y. General Business Law § 349**

In their fourth cause of action, Laskowski and Hall allege that Liberty

violated N.Y. General Business Law § 349.  (Compl. ¶¶ 46-62, Dkt. No. 1.)

Liberty seeks to dismiss plaintiffs' claim on the grounds that the dispute in

question is wholly private and therefore does not implicate § 349.  (Dkt. No.

13 at 7-11.)  The court agrees.

Section 349 of New York's General Business Law makes unlawful

---

[3] Liberty also seeks to dismiss Laskowski and Hall's demand for punitive damages under their third cause of action.  (Dkt. No. 13 at 6.)  Because that cause of action has been dismissed, the court need not address the issue of punitive damages.

"[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state."  N.Y. Gen. Bus. Law § 349(a).  To state a valid claim under § 349, a plaintiff must show "(1) that the defendant's conduct is 'consumer oriented'; (2) that the defendant is engaged in a 'deceptive act or practice'; and (3) that the plaintiff was injured by this practice."  *Wilson v. Northwestern Mut. Ins. Co.*, 625 F.3d 54, 64 (2d Cir. 2010) (citation omitted).  At issue here is the first prong.  Because a plaintiff must "demonstrate that the acts or practices have a broader impact on consumers at large . . . private contract disputes" do not fall under the purview of § 349.  *Id.* (citation omitted).

Laskowski and Hall argue that Liberty impacts the broader public by, *inter alia*, selling insurance policies without warning consumers that it "regularly and routinely fails to live up to the promises to provide insurance coverage," fails to "observe fair and reasonable claim adjustment practices and procedures" and when confronted with a significant loss by a policyholder, "avoid[s] or inordinately delay[s] the settlement of the claim." (Compl. ¶¶ 56-57, Dkt. No. 1.)  Laskowski and Hall rely principally on *Riordan v. Nationwide Mut. Fire Ins. Co.*, 756 F. Supp. 732 (S.D.N.Y. 1990) to support their argument that such actions constitute a plausible § 349

violation.  Unlike the plaintiffs in *Riordan*, however, whose claim was supported by factual allegations, Laskowski and Hall fail to provide a single fact outside of their immediate experience to support their claims of Liberty's deceptive practices.

In alleging only factually-devoid conclusory statements, Laskowski and Hall have failed to state a plausible § 349 claim.  *See Wilson*, 625 F.3d at 65 (finding that conclusory allegations substantiated only by plaintiff's experience were insufficient to state a § 349 claim); *see also Perfect Dental, PLLC v. Allstate Ins. Co.*, No. 04-cv-0586, 2006 WL 2552171, at *3 (E.D.N.Y. Aug. 31, 2006) (holding that "general allegations consisting of catch phrases" were insufficient to state a plausible § 349 claim). Accordingly, Liberty's motion to dismiss is granted.

## V.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Liberty's motion to dismiss (Dkt. No. 13) is **GRANTED** and Laskowski and Hall's declaratory judgment; duty of good faith and fair dealing; and N.Y. Gen Bus Law § 349 claims are **DISMISSED**; and it is further

**ORDERED** that Liberty file the appropriate responsive pleadings

8

within the time allotted by the rules; and it is further

**ORDERED** that the parties notify Magistrate Judge Baxter in order to

schedule further proceedings in accordance with this order; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-

Decision and Order to the parties.

**IT IS SO ORDERED.**

October 19, 2011
Albany, New York

Gary L. Sharpe
U.S. District Judge