UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MARK R. LASKOWSKI and RICHARD HALL,

          *Plaintiffs,*

-against-

LIBERTY MUTUAL FIRE INSURANCE COMPANY,

          *Defendant.*

ANSWER

Civil Action No.
5:11-CV-340
(GLS/ATB)

    The Defendant, by its attorneys, Hiscock & Barclay, LLP, for its Answer to the Complaint of Plaintiffs, alleges as follows upon information and belief:

    1. Admits that the action arises out of the refusal of Liberty to pay the Plaintiffs' claim for a fire occurring on January 10, 2010, and denies each and every other allegation contained in Paragraph 1 of the Plaintiffs' Complaint.

    2. Denies the allegations contained in Paragraph 2 of the Plaintiffs' Complaint.

    3. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 3 of the Plaintiffs' Complaint.

    4. Admits the allegations contained in Paragraph 4 of the Plaintiffs' Complaint.

    5. Admits the allegations contained in Paragraph 5 of the Plaintiffs' Complaint.

    6. The venue of this matter was changed by Order of Judge Victor Marrero from the Southern District of New York to the Northern District.

    7. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 7 of the Plaintiffs' Complaint.

    8. Liberty issued a policy of insurance to the Plaintiffs for the premises at issue in this matter, providing the coverages described therein, pursuant to the terms and conditions of said policy, the precise nature of which is contained in said policy, and Liberty refers to the policy for

1

its precise terms and conditions, and denies each and every other allegation contained in Paragraph 8 of the Plaintiffs' Complaint.

9. Admits that a fire caused significant damage to Plaintiffs' home and contents, and denies each and every other allegation contained in Paragraph 9 of the Plaintiffs' Complaint.

10. Admits that Liberty was notified of the fire loss, and Plaintiffs have submitted a claim for damages, and denies each and every other allegations contained in Paragraph 10 of the Plaintiffs' Complaint.

11. Admits that Liberty denied Plaintiffs' claim on the grounds set forth more particularly in this Answer, and denies each and every other allegations contained in Paragraph 11 of the Plaintiffs' Complaint.

12. Denies the allegations contained in Paragraph 12 of the Plaintiffs' Complaint.

13. Denies the allegations contained in Paragraph 13 of the Plaintiffs' Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 14 of the Plaintiffs' Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 15 of the Plaintiffs' Complaint.

16. Denies the allegations contained in Paragraph 16 of the Complaint.

17. Denies the allegations contained in Paragraph 17 of the Complaint.

18. Denies knowledge or information as to the truth or falsity of the allegation contained in Paragraph 18 of the Plaintiffs' Complaint.

19. Denies the allegations contained in Paragraph 19 of the Plaintiffs' Complaint.

20. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 20 of the Plaintiffs' Complaint.

21. Admits that Liberty cancelled the Plaintiffs' homeowners insurance policy, and denies each and every other allegation contained in Paragraph 21 of the Plaintiffs' Complaint.

22. Denies the allegations contained in Paragraph 22 of the Plaintiffs' Complaint.

23. Admits that there is no defense for non-payment of premium, and denies each and every other allegation contained in Paragraph 23 of the Plaintiffs' Complaint.

24. Denies the allegations contained in Paragraph 24 of the Plaintiffs' Complaint.

25. Admits that Liberty has not paid the Plaintiffs' loss, and denies each and every other allegation contained in Paragraph 25 of the Plaintiffs' Complaint.

26. Denies the allegations contained in Paragraph 26 of the Plaintiffs' Complaint.

## Count I
### (Declaratory Judgment)

27-30. This cause of action was dismissed by the Court.

## Count II
### (Breach of Contract)

31. Defendant repeats and realleges each and every admission, denial, and denial of knowledge or information set forth in the foregoing Answer, as if fully set forth herein in response to Paragraph 31 of the Plaintiffs' Complaint.

32, Denies the allegations contained in Paragraph 32 of the Plaintiffs' Complaint.

33. Denies the allegations contained in Paragraph 33 of the Plaintiffs' Complaint.

34. Denies the allegations contained in Paragraph 34 of the Plaintiffs' Complaint.

## Count III
### (Violation of the Duty of Good Faith and Fair Dealing)

35 – 45.  This cause of action was dismissed by the Court.

### Count IV
### (Violation of N.Y. Gen. Bus. Law § 349)

46 - 62.  This cause of action was dismissed by the Court.

63.  Denies each and every other allegation contained in said Complaint not herein before admitted, denied, or otherwise controverted.

### AFFIRMATIVE DEFENSES
### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

64.  The fire for which the Plaintiffs seek recovery was deliberately caused and set.

65.  The Plaintiffs caused, solicited and/or procured this fire for the purpose of submitting a claim to and recovering from Defendant.

66.  By reason of the foregoing, to permit the Plaintiffs to recover against the Defendant would be contrary to the public policy of the State of New York.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

67.  The policy of insurance upon which this action is brought, contains a provision, among others, that as a condition of coverage, for a loss to covered property, the insureds must, as often as Liberty reasonably requires, submit to an examination under oath while not in the presence of any other insured, and subscribe and sign same.

68.  This policy condition has been violated by the insureds, who were asked by Liberty to appear for a continued examination under oath. The insureds agreed to appear, but refused to answer any questions on topics which were the subject of previous questioning.

69.     By reason of the foregoing, the Plaintiffs have breached a condition of the policy, and are not entitled to maintain this action

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

70.     The policy of insurance upon which this action is brought, contains a provision, among others, that Liberty does not provide coverage for the insured, who, whether before or after the loss, has intentionally concealed or misrepresented any material fact or circumstance, or engaged in fraudulent conduct relating to this insurance.

71.     This policy condition has been violated by the insureds who intentionally set fire to the building; concealed and misrepresented their involvement in setting the fire; misrepresented their activities on the day of the fire and the surrounding circumstances in an effort to deflect Liberty's investigation.

72.     By reason of the foregoing, the Plaintiffs have breached a condition of the policy, and are not entitled to maintain this action

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

73.     The policy of insurance upon which this action is brought, contains a provision, among others, that Liberty does not provide coverage for an insured who commits or directs an act with the intent to cause a loss.

74.     The insureds caused, solicited or procured the intentional destruction of their property for the purpose of collecting the proceeds of the fire insurance policy.

75.     By reason of the foregoing, the Plaintiffs have breached a condition of the policy, and are not entitled to maintain this action.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE
## AND SET OFF

76. The policy of insurance upon which this action is brought, contains a provision, among others, commonly known as the standard mortgagee clause in favor of Countrywide Home Loans, Inc. and Franklin Credit Management Corp.

77. In the event that a mortgagee named in the policy makes a claim to the Defendant, Liberty has an obligation to respond to that claim in accordance with the provisions of the policy of insurance upon which this action is brought, and the standard mortgagee clause.

78. In the event that Liberty issues a payment to the mortgagee pursuant to the policy terms, it will be entitled to a set off in its favor in the event of the Plaintiffs' recovery, and the Plaintiffs' recovery, if any, should be reduced by said amount.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

79. At the time of the loss alleged in the Plaintiffs' Complaint, Countrywide Home Loans, Inc. and Franklin Credit Management Corp. were mortgagees on the policy of insurance upon which this action is brought.

80. Countrywide Home Loans, Inc. and Franklin Credit Management Corp. are entities which ought to be named parties to this action if complete relief is to be accorded between the Plaintiffs and the Defendant since these are entities which may be inequitably affected by a judgment in this action.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

81. Richard Hall filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Southern District of New York on the 27th day of July, 2009. Richard Hall was adjudicated bankrupt and his debts, exceeding $320,000, were discharged by order of the Bankruptcy Court on October 27, 2009.

82. In this action, Richard Hall is seeking to recover 50 percent of his interest in the personal property claim which the Plaintiffs maintain had a value on January 10, 2010 of approximately $750,000.

83. Richard Hall swore, under penalty of perjury, to the Bankruptcy Court in his petition that his interest in personal property on the date of his bankruptcy filing was $40,485, and he did not transfer any property within two years of the filing. These statements by Richard Hall are false.

84. Richard Hall is estopped from pursuing a claim against Liberty which exceeds the claimed value of his personal property at the time of his bankruptcy, plus any property he acquired since his discharge, on the grounds that permitting Richard Hall to pursue a claim for his 50 percent share of the Plaintiffs' $750,000 contents claim constitutes a fraud on the Court and is in violation of public policy.

### AS AND FOR A FIRST COUNTERCLAIM
### BY DEFENDANT AGAINST PLAINTIFFS

85. Defendant repeats and realleges the allegations contained in Paragraphs 3, 4 and 5 of the Plaintiffs' Complaint as though fully set forth herein.

86. Defendant repeats and realleges the allegations contained in Paragraphs 76 and 77 of Liberty's Answer to the Complaint as though fully set forth herein.

5650772.7/3051265

87. Liberty contends that the fire for which the Plaintiffs are seeking recovery was deliberately caused, solicited and/or procured for the purpose of submitting a claim to, and recovering the policy proceeds from, Liberty.

88. In the event that Liberty is required to issue a payment to a mortgagee pursuant to the policy terms and the standard mortgagee clause, and in the event that there is a determination that the Plaintiffs caused, solicited or procured the fire in question, then Liberty is entitled to a judgment against the Plaintiffs in the amount of its payment to any mortgagee.

**WHEREFORE**, Defendant, Liberty Mutual Fire Insurance Company, requests that judgment be entered in favor of the Defendant, dismissing the Plaintiffs' Complaint, or, in the alternative, in the event of a judgment in favor of the Plaintiffs, a set off for any payment to a mortgagee, or, in the alternative, in the event of a judgment in favor of the Defendant, a judgment against the Plaintiff in the amount of any payment made to any mortgagee pursuant to the policy terms, together with pre and post-judgment interest on said amount, attorney fees, costs and such other and further relief as may seem just and proper to the Court.

**DATED**: November 3, 2011                                **HISCOCK & BARCLAY, LLP**

By: _____
Thomas J. O'Connor
Bar Roll Number: 103475

*Attorneys for Defendant*
Liberty Mutual Fire Insurance Company
80 State Street
Albany, New York 12207
Telephone (518) 429-4276

5650772.7/3051265