# EXHIBIT 4

nydocs1-836883.1

Case 5:11-cv-00340-GLS-ATB  Document 54-6  Filed 04/30/12  Page 2 of 5

In re Trace Intern. Holdings, Inc., Not Reported in F.Supp.2d (2009)

2009 WL 1810112
Only the Westlaw citation is currently available.
United States District Court,
S.D. New York.

In re TRACE INTERNATIONAL
HOLDINGS, INC., et al., Debtors.
John S. Pereira, as Chapter 7 Trustee
of Trace International Holdings,
Inc., et al., Plaintiff–Appellant,
v.
Dow Chemical Company, Defendant–Appellee.

No. 04 Civ. 1295(KMW). | June 25, 2009.

Opinion

## OPINION AND ORDER

KIMBA M. WOOD, District Judge.

*1 Plaintiff–Appellant John S. Pereira, as Chapter 7 Trustee (the "Trustee") of Trace International Holdings, Inc., and its related entities (collectively "Trace"), appeals a decision of the United States Bankruptcy Court for the Southern District of New York, granting summary judgment in favor of Defendant–Appellee Dow Chemical Company ("Dow"). (D.E.23.)

For the reasons stated below, the Court vacates the decision of the Bankruptcy Court and remands the case for further proceedings.

## BACKGROUND

On appeal, the parties dispute whether the Bankruptcy Court abused its discretion by judicially estopping the Trustee from characterizing as dividends payments Trace made to Dow.[1]

These payments arose out of a transaction between Trace and Dow that was brokered via a third party, BSI Acquisitions Corp. ("BSI"). BSI's transaction with Trace was structured as a purchase of preferred stock; Trace's payments to BSI were characterized as dividends on that stock; Dow's transaction with BSI was structured as a loan; and BSI's payments to Dow were characterized as payments on that debt. In the instant action, this BSI brokered transaction has been collapsed such that payments from Trace to BSI and from BSI to Dow are treated as payments directly from Trace to Dow.[2] The question arises whether these payments from Trace to Dow (the "Payments") should be characterized as payments on a debt (also referred to as "liabilities"), as dividends, or as both.

In the instant action, the Trustee characterized the Payments as both liabilities and dividends (the Trustee's "Bankruptcy Court Position"). Specifically, the Trustee argued both that the Payments should be treated as *liabilities* for the purposes of determining Trace's *insolvency* ("valuation purposes"),[3] *and* that the Payments should be treated as *dividends* for the purpose of determining whether the Payments were *illegal* ("legality purposes").[4]

After commencing the instant action, the Trustee brought a separate lawsuit before Judge Sweet, *Pereira v. Cogan,* 294 B.R. 449, 539–40 (S.D.N.Y.2003) (*"Cogan"*), which involved the same set of facts as the instant action. The Trustee advanced the same position before Judge Sweet, that the Payments were liabilities for valuation purposes and dividends for legality purposes (the Trustee's *"Cogan* Position").

During the instant action's pendency before the Bankruptcy Court, Judge Sweet adopted *both* of the Trustees' arguments in *Cogan,* holding that the Payments were debts for valuation purposes but were dividends for legality purposes.[5] Judge Sweet did so notwithstanding that his findings appeared inconsistent with one another.

Thereafter, the Bankruptcy Court, in deciding a motion by Dow for summary judgment, judicially estopped the Trustee from arguing that the Payments were dividends for legality purposes. The Bankruptcy Court did so on the ground that the Trustee had argued to Judge Sweet that the Payments were liabilities for valuation purposes, and Judge Sweet had adopted this characterization of the Payments.[6]

*2 The Trustee, on appeal to this Court, argues that the Bankruptcy Court abused its discretion. The Trustee contends that his Bankruptcy Court and *Cogan* Positions are consistent and thus judicial estoppel is inappropriate. According to the Trustee, the inconsistency between one part of his *Cogan* Position (that the Payments were liabilities for valuation purposes) and one part of his Bankruptcy Court Position (that the Payments were dividends for legality purposes) does not warrant judicial estoppel as long as the Trustee's overall position before both courts (that the Payments were both liabilities for valuation purposes and dividends for legality purposes) was consistent.

Case 5:11-cv-00340-GLS-ATB   Document 54-6   Filed 04/30/12   Page 3 of 5

In re Trace Intern. Holdings, Inc., Not Reported in F.Supp.2d (2009)

## DISCUSSION

The Court holds that judicial estoppel is not applicable, and remands the case to the Bankruptcy Court for further proceedings.

### I. Standard of Review

Judicial estoppel is an equitable doctrine that can be evoked at a court's discretion.[7] *See New Hampshire v. Maine,* 532 U.S. 742, 750 (2001); *Societe General v. Federal Ins. Co.,* 856 F.2d 461, 467 (2d Cir.1988). Where a decision is committed to a bankruptcy court's discretion, a reviewing court will not overturn the decision absent an abuse of that discretion. *See Endico Potatoes, Inc. v. CIT Grp./Factoring, Inc.,* 67 F.3d 1063, 1071–72 (2d Cir.1995).

A court abuses its discretion when "(1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision —though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Zervos v. Verizon New York, Inc.,* 252 F.3d 163, 169 (2d Cir.2001); *see also Prayze FM v. F.C.C.,* 214 F.3d 245, 249 (2d Cir.2000) (abuse of discretion occurs "when the court applies an incorrect legal standard, makes clearly erroneous factual findings, or errs in the substance or form of its order").

### II. Legal Standard

"The doctrine of judicial estoppel prevents a party from asserting a factual position in a legal proceeding that is contrary to a position previously taken by him in a prior legal proceeding." *Bates v. Long Island R.R. Co.,* 997 F.2d 1028, 1037 (2d Cir.1993). A party invoking judicial estoppel must show (1) the party against whom the estoppel is asserted argued a clearly inconsistent position in a prior proceeding, and (2) that position was adopted by the court in some manner. *See Maharaj v. Bankamerica Corp.,* 128 F.3d 94, 98 (2d Cir.1997); *see also Bridgeway Corp. v. Citibank,* 201 F.3d 134, 141 (2d Cir.2000).

In applying judicial estoppel, courts should be guided by the doctrine's purposes. Courts can apply judicial estoppel only where doing so will protect judicial integrity. *See Simon v. Safelite Glass Corp.,* 128 F.3d 68, 72 (2d Cir.1997) (noting that the Second Circuit, unlike some other circuits, limits the doctrine of judicial estoppel to situations that threaten judicial integrity); *see also New Hampshire v. Maine,* 532 U.S. 742, 749 (2001) (noting that the purpose of judicial estoppel is to "protect the integrity of the judicial process") (internal quotations omitted).

**\*3** When deciding whether judicial estoppel will advance the purpose of judicial integrity, courts consider several factors. The first factor is mandatory. According to the Second Circuit, the risk of inconsistent results must be certain. *See Safelite,* 128 F.3d at 72. In determining whether the risk of inconsistent results is certain, courts should ensure that the allegedly inconsistent positions "cannot be reconciled with any amount of explanation." *Rodal v. Anesthesia Group of Onondaga, P.C.,* 369 F.3d 113, 119 (2d Cir.2004) (internal quotations and alterations omitted). In determining whether apparently inconsistent positions are truly irreconcilable, a court must carefully consider the contexts in which the positions were taken. *See id.*

Second, courts should consider whether accepting the inconsistent position " 'would create the perception that either the first or the second court was misled.' " *Usdavines v. Weeks Marine, Inc.,* 418 F.3d 138, 147 (2d Cir.2005) (quoting *New Hampshire v. Maine,* 532 U.S. 742, 749 (2001)).

Third, courts should weigh whether denying judicial estoppel will result in an unfair advantage for the party seeking to assert an inconsistent position, or will impose an unfair detriment on the opposing party. *See id.*

### III. Application

The Bankruptcy Court erred in its application of the judicial estoppel doctrine. Specifically, the Bankruptcy Court erroneously found that the position the Trustee took before Judge Sweet was inconsistent with the position he took before the Bankruptcy Court. This error amounted to abuse of the Bankruptcy Court's discretion.

The Bankruptcy Court, in finding judicial estoppel appropriate, isolated *one part* of the Trustee's *Cogan* Position, which Judge Sweet had adopted *in full:* that the Payments should be treated as a liability for valuation purposes. The Bankruptcy Court then deemed this part of the Trustee's *Cogan* Position and of Judge Sweet's decision inconsistent with *one part* of the Trustee's Bankruptcy Court Position that the Payments should be treated as dividends for legality purposes. The Bankruptcy Court's approach amounts to abuse of discretion because it "cannot be located within the range of permissible decisions." *Zervos,* 252 F.3d at 169.

The Bankruptcy Court's approach satisfies neither the logic nor the purposes of judicial estoppel. The Trustee's *Cogan* Position, which Judge Sweet adopted, is *consistent* with the Trustee's Bankruptcy Court Position. In *Cogan,* the Trustee successfully argued that the Payments should be treated as liabilities for valuation purposes, *and* that the Payments were dividends for the purpose of determining the Payments' legality.[8] In the instant case, the Trustee made the same argument on which he prevailed before Judge Sweet.[9] In other words, the position taken by the Trustee in one court was consistent with the position the Trustee took in the other court.

*4 To follow the Bankruptcy Court's approach would be place the Trustee in a Catch–22. No matter what the Trustee were to argue, whether that the Payments were dividends *or* liabilities, the Trustee would have successfully advanced a different position before Judge Sweet. Therefore, under the Bankruptcy Court's reasoning, the Trustee could be estopped regardless of which way he characterized the Payments.

Furthermore, deeming the Trustee's *Cogan* and Bankruptcy Court Positions consistent comports with the purposes of the doctrine of judicial estoppel. First, under the circumstances of this case, applying judicial estoppel would increase, rather than decrease, the risk of inconsistent results in the bankruptcy and district court actions; in fact, applying judicial estoppel *ensures* inconsistent results in the two proceedings.

Under the laws governing the Trustee's claims in both *Cogan* and the Bankruptcy Court, the Payments could be illegal *only* if they were *dividends.*[10] Judge Sweet deemed the Payments illegal dividends. If the Bankruptcy Court now estops Trace from arguing that the Payments were dividends, then the Bankruptcy Court will *necessarily* deem the Payments legal. Thus, applying judicial estoppel *ensures* an inconsistent result in the two proceedings.[11] Applying judicial estoppel will not protect judicial integrity by *minimizing* the risk of an inconsistent result in the two proceedings; instead, estopping the Trustee from arguing before the Bankruptcy Court that the Payments were illegal dividends *ensures* an inconsistent result in the two proceedings.[12]

Second, judicial estoppel will not prevent the appearance that either Judge Sweet or the Bankruptcy Court was misled. To the extent that finding the Payments to be both a liability and a dividend leads to the appearance that a court was misled, that appearance has already arisen as a result of Judge Sweet's decision. If anything, estopping the Trustee from arguing before the Bankruptcy Court that the Payments should be treated as dividends augments, rather than minimizes, that appearance.

Third, judicial estoppel is not needed to prevent an unfair advantage on the part of the Trustee, or an unfair detriment on the part of Dow. If treating the Payments as both liabilities and as dividends is truly inconsistent,[13] then the Trustee already reaped his unfair advantage when Judge Sweet adopted the Trustee's *Cogan* Position. Applying judicial estoppel in the instant action will not undo that fact.

At the same time, allowing the Trustee to argue that the Payments were both liabilities and dividends before the Bankruptcy Court will not compound the Trustee's unfair rewards or cause Dow unfair detriment. Instead, the Bankruptcy Court will have to determine what the Payments were.[14]

Estopping the Trustee from arguing that the Payments were dividends for valuation purposes satisfies neither the logic nor the purposes of the judicial estoppel doctrine.

*CONCLUSION*

*5 The Bankruptcy Court's application of judicial estoppel in this case constituted an abuse of discretion. The Trustee's *Cogan* and Bankruptcy Court Positions were consistent; this determination is confirmed by the fact that estopping the Trustee would not serve the purposes of the doctrine.[15] Accordingly, the Bankruptcy Court's decision to estop the Trustee is vacated and the Court remands the case for further proceedings.[16]

SO ORDERED.

Footnotes

1   A thorough recitation of the facts underlying this case, and of its procedural history, is set forth in this Court's and the Bankruptcy Court's previous opinions, familiarity with which is assumed. *See, e.g., Pereira v. Dow Chemical Co. (In re Trace Int'l Holdings, Inc.),* 287 B.R. 98 (Bankr.S.D.N.Y.2002) (*"Dow I"* ); *Pereira v. Dow Chem. Co. (In re Trace Int'l Holdings, Inc.),* 301 B.R. 801

Case 5:11-cv-00340-GLS-ATB   Document 54-6   Filed 04/30/12   Page 5 of 5

In re Trace Intern. Holdings, Inc., Not Reported in F.Supp.2d (2009)

| | |
|---|---|
| | (Bankr.S.D.N.Y.2003) (*"Dow II"*); Order, Sept. 12, 2006 (the "2006 Order") (Dkt. No. 20). A description of the issue on appeal is given here. |
| 2 | *See Dow II,* 301 B.R. at 803 n. 1; Order 2 n. 1, Sept. 12, 2006 (Dkt. No. 20). |
| 3 | The Trustee characterized the Payments as a cash obligation and a cash outflow for valuation purposes. In *Dow II,* the Bankruptcy Court reasoned that a cash obligation or cash outflow is indistinguishable from a debt or liability for valuation purposes. 301 B.R. at 806. The Court finds the Bankruptcy Court's analysis persuasive. |
| 4 | For purposes of determining insolvency, *liabilities* reduce solvency; dividends, generally, do not. For purposes of determining the legality of payments, payments on a *debt* incurred before becoming insolvent (an "antecedent debt"), *cannot* be fraudulent transfers. However, *dividends* paid after becoming insolvent *can* be fraudulent transfers. |
| 5 | As the Bankruptcy Court observed, Judge Sweet did not explicitly adopt the Trustee's characterization of the Payments as cash outflow. *See Dow II,* 301 B.R. at 805. However, Judge Sweet adopted the conclusion of the Trustee's expert regarding Trace's insolvency, which relied on such a characterization. *See id.*<br><br>In addition, Judge Sweet did not explicitly collapse the transaction that Dow and Trace conducted via BSI into a single transaction between Dow and Trace. *See Cogan,* 294 B.R. at 486; *see also supra* note 1. However, Judge Sweet implied as much by referring to the preferred stock that BSI purchased from Trace as the "Dow Stock." *Id.* at 509. Thus, the Court finds it most persuasive to interpret *Cogan* as holding that Dow, not BSI, was the recipient of the illegal dividend payments. |
| 6 | Courts may apply judicial estoppel when (1) a party asserts a factual position in a legal proceeding that is clearly inconsistent with a position the party took in a prior proceeding, and (2) that prior inconsistent position was adopted by the court in some manner. *See Maharaj v. Bankamerica Corp.,* 128 F.3d 94, 98 (2d Cir.1997). |
| 7 | The Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158. |
| 8 | Of course, as the Bankruptcy Court held, it may be inconsistent for the Trustee to argue that the Payments were liabilities for one purpose and dividends for another. But this inconsistency is *internal* to the Trustee's *Cogan* Position, which Judge Sweet adopted, and to the Trustee's Bankruptcy Court Position; this inconsistency is not one *between* the Trustee's successful *Cogan* Position and his Bankruptcy Court Position. |
| 9 | The Court notes that, because the Trustee's *Cogan* and Bankruptcy Court Positions are the same, this is not an instance where a party has changed its position opportunistically or deceptively. *See United States v. King,* No. 97–1522, 1998 WL 781594, *1 (2d Cir. Nov. 9, 1998) (noting that among the policies underlying judicial estoppel are " 'precluding litigants from "playing fast and loose" with the courts, and prohibiting parties from *deliberately* changing positions according to the exigencies of the moment' ") (quoting *United States v. McCaskey,* 9 F.3d 368, 378 (5th Cir.1993)). |
| 10 | *See Cogan,* 294 B.R. at 540; *Dow I,* 287 B.R. at 106–07. |
| 11 | Indeed, the Bankruptcy Court granted Dow's motion for summary judgment because the Bankruptcy Court had judicially estopped Trace from characterizing the Payments as dividends. |
| 12 | The Court does not suggest that the Bankruptcy Court must, therefore, deem the Payments illegal dividends; the Court observes only that applying judicial estoppel in this case does not advance that doctrine's purpose of avoiding inconsistent results. |
| 13 | Of course, if treating the Payments as liabilities for valuation purposes and dividends for legality purposes is, in fact, consistent, then there is also no cause to be concerned about judicial integrity or the fairness to the parties. |
| 14 | Whether the Bankruptcy Court finds that the Payments were liabilities or dividends, the Bankruptcy Court will likely find that most, if not all, of the Payments were legal. This is because the Payments were illegal only if two conditions are met (1) the Payments were dividends, and (2) the Payments were made during a period in which Trace was insolvent. If the Bankruptcy Court finds that the Payments were debts, the first condition will not be met. If the Bankruptcy Court finds that the Payments were dividends, to the extent that Trace's insolvency rests on finding that the Payments were liabilities, the second condition will not be met. |
| 15 | On appeal, the Trustee also argues that the Bankruptcy Court erred in its application of judicial estoppel because the doctrine applies to factual positions and the Trustee contends his position was a legal one. Because this Court finds that the application of judicial estoppel is inappropriate for other reasons, the Court need not address whether the inconsistency was factual, legal, or a mixture of both. Additionally, the Court need not determine whether the issue has been preserved for appeal. |
| 16 | Dow asks the Corut to affirm the Bankruptcy Court's decision, notwithstanding the Court's reversal of the Bankruptcy Court's judicial estoppel holding. The Court declines to do so. Judicial economy favors remanding Dow's motion for summary judgment to the Bankruptcy Court, which is already familiar with the extensive record and the parties' briefing. |