UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MARK R. LASKOWSKI and RICHARD HALL,

          Plaintiffs,

- against -

LIBERTY MUTUAL FIRE INSURANCE COMPANY,

          Defendant.

Civil Action No.
5:11-cv-340 (GLS/ATB)

**PLAINTIFFS'-COUNTERCLAIM DEFENDANTS' ANSWER TO COUNTERCLAIMS**

JURY TRIAL DEMANDED

Plaintiffs-Counterclaim Defendants Mark R. Laskowski and Richard Hall (collectively, "Plaintiffs"), by their attorneys, as and for their Answer to the Counterclaim of defendant-counterclaimant Liberty Mutual Fire Insurance Company ("Defendant" or "Liberty"), state as follows:

85. Plaintiffs admit the allegations of paragraphs 3, 4 and 5 of Plaintiffs' Complaint in this action, and therefore admit the allegations of paragraph 85 of Liberty's Counterclaim.

86. Plaintiffs deny the allegations of paragraphs 76 and 77 of Liberty's Answer, and therefore deny the allegations of paragraph 86 of Liberty's Counterclaim, respectfully refer the Court to the subject policy for its terms, and refer all questions of law to the Court.

87. Plaintiffs admit that Liberty contends that the subject fire was deliberately caused, solicited, and/or procured for the purpose of submitting a claim to, and recovering the policy proceeds from, Liberty. For the sake of clarity, Plaintiffs deny Liberty's contention that the subject fire was deliberately caused, solicited, and/or

procured for the purpose of submitting a claim to, and recovering the policy proceeds from, Liberty.

88. Plaintiffs deny the allegations of paragraph 88 of Liberty's Counterclaim, and refer all questions of law to the Court.

## FIRST AFFIRMATIVE DEFENSE

89. Liberty's Counterclaim is not ripe because it is expressly conditioned on (1) payment to a mortgagee under the subject policy, and (2) a determination that Plaintiffs caused, solicited and/or procured the fire in question, neither of which events has occurred.

## SECOND AFFIRMATIVE DEFENSE

90. There is no present case or controversy underlying Liberty's Counterclaim because it is expressly conditioned on (1) payment to a mortgagee under the subject policy and (2) a determination that Plaintiffs caused, solicited and/or procured the fire in question, neither of which events has occurred.

**WHEREFORE**, Plaintiffs demand that Liberty's Counterclaim be dismissed with prejudice, and that the Court award Plaintiffs their attorneys' fees, costs of this action, and any further relief this Court deems equitable, just and proper.

2
nydocs1-978845.1

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Dated: August 8, 2012

/s/ Dennis J. Artese
Finley T. Harckham, Esq. (#512551)
Dennis J. Artese, Esq. (#515679)

ANDERSON KILL & OLICK, P.C.
1251 Avenue of the Americas
New York, NY 10020
(212) 278-1000

Attorneys for Plaintiffs/Counterclaim Defendants Mark R. Laskowski and Richard Hall

## Certificate of Service

I, Dennis J. Artese, Esq., hereby certify that, on August 8, 2012, the above document was electronically filed with the Clerk of the Court using the CM/ECF System, which will automatically send email notification of such filing to the following attorney of record:

Thomas J. O'Connor, Esq.
Hiscock & Barclay
50 Beaver Street
Fifth Floor
Albany, NY 12207-2830

/s/ Dennis J. Artese
Dennis J. Artese