# HISCOCK & BARCLAY

Thomas J. O'Connor
*Partner*

November 5, 2012

Hon. Andrew T. Baxter
United States Magistrate Judge
United States District Court
Northern District of New York
100 S. Clinton Street
P. O. Box 7367
Syracuse, New York 13261-7367

   RE: Laskowski, et al. v. Liberty Mutual Fire Insurance Company
      Case No. 5:11-CV-340 (GLS/ATB)

Dear Judge Baxter:

  We represent the Defendant, Liberty Mutual Fire Insurance Company, in this matter. I write to respectfully request a modification of the existing Scheduling Order to allow Defendant to submit motions to preclude Plaintiffs' expert witnesses, Dennis Ware and William Patrick, pursuant to Federal Rules of Evidence 702.

  By way of background, the Scheduling Order obligated all parties to submit such motions to preclude by April 6, 2012, and the trial is scheduled to begin on March 4, 2013. After thoroughly reviewing this matter and examining the deposition testimony of both witnesses, Defendant is convinced Plaintiffs' expert testimony does not meet the requirements of either F.R.E. 702 or *Daubert vs. Merrell Dow Pharmaceuticals, Inc.*, 50 U.S. 579 (1999).

  We recognize this request comes long-after the deadline imposed for the submission of such motions. However, it is well-established that F.R.E. 702 imposes a gatekeeper obligation, on a district court, to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert*, 509 U.S. at 589. This gatekeeper function *requires* the judge to assess the reasoning and methodology underlying the expert's opinion, and determine whether it is both scientifically valid and applicable to a particular set of facts. *Id.* at 592-93.

November 5, 2012
Page 2

More importantly, the duty of the Court to prevent the introduction of inadmissible testimony cannot be waived or abrogated. *See United States v. Kyler,* 2011 WL 2150673 (11th Cir. June 2, 2011) (holding that, "a district court abuses its discretion where it fails to act as a gatekeeper [of expert testimony]"); *Goebel v. Denver & Rio Grande W. R.R. Co.,* 215 F.3d 1083, 1087 (10th Cir. 2000) ("the district court . . . has no discretion to avoid performing the gatekeeping function."); *United States v. Brown,* 415 F.3d 1257, 1266 (11th Cir. 2005)("a district court abuses its discretion where it fails to act as a gatekeeper by essentially abdicating its gatekeeping role.").

The undersigned recognizes our failure to submit motions to preclude prior to the April 6, 2012, deadline. However, the Court has an obligation to accept its gatekeeper role, regardless of that failure. In this case, the qualifications of the proposed expert witnesses are so lacking, and the methodology employed so demonstrably flawed, that the Court, in its gatekeeper rule, should at least entertain arguments related to the admissibility of that testimony.

We respectfully request that this Court grant Defendant thirty (30) days within which to submit its motion to preclude.

Plaintiffs' counsel opposes this application. Thank you for your consideration of our request.

Respectfully submitted,

s/*Thomas J. O'Connor*

Thomas J. O'Connor

TJO:sbh

cc:   Finley T. Harckham, Esq.
      Dennis J. Artese, Esq.
      Anderson Kill & Olick, P.C.
      1251 Avenue of the Americas
      New York, NY 10020

6758522.1