UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MARK R. LASKOWSKI and RICHARD
HALL,

                              Plaintiffs,

                v.

                                                    Civil Action No. 5:11-CV-340 (GLS/ATB)

LIBERTY MUTUAL FIRE INSURANCE
COMPANY,

                              Defendant.

## MEMORANDUM OF LAW IN SUPPORT OF MOTION
## TO WITHDRAW AS COUNSEL AND TO STAY PROCEEDINGS

ANDERSON KILL & OLICK, P.C.
1251 Avenue of the Americas
New York, NY  10020
Telephone:  212-278-1000

Finley T. Harckham, Esq.
Dennis J. Artese, Esq.

## TABLE OF CONTENTS

**Page**

INTRODUCTION...................................................................................................1

STATEMENT OF FACTS......................................................................................2

ARGUMENT.........................................................................................................3

I.     PLAINTIFFS' FAILURE TO PAY AKO'S FEES CONSTITUTES
      "GOOD CAUSE" FOR GRANTING AKO'S MOTION FOR LEAVE
      TO WITHDRAW AS COUNSEL ...................................................................3

II.    PLAINTIFFS WILL NOT BE PREJUDICED BY AKO'S
      WITHDRAWAL..............................................................................................4

CONCLUSION .....................................................................................................6

i

## <u>INTRODUCTION</u>

Anderson Kill & Olick, P.C. ("AKO"), pursuant to Rule 83.2 of the Local Rules of Practice for the United States District Court for the Northern District of New York (the "Local Rules") and Rule 1.16(c)(5) of the New York Rules of Professional Conduct (the "Professional Rules"), respectfully submits this Memorandum of Law in Support of its Motion for Leave to Withdraw as Counsel and to Stay Proceedings.

AKO represents plaintiffs in the above-captioned matter, Mark R. Laskowski and Richard Hall (collectively, "Plaintiffs"), pursuant to a retainer agreement requiring monthly payments of AKO's invoices and maintenance of an "evergreen" retainer.  After making only partial payments on AKO's invoices for several months, Plaintiffs have not paid any attorneys' fees for AKO's continued representation for the past seven months, and have open invoices extending back for more than a year. Moreover, Plaintiffs have stated that they cannot and will not bring their account current or pay any future fees and costs in this matter.

At present, Plaintiffs owe over $308,000 in fees and expenses.  Plaintiffs' inability and refusal to pay for legal services has made it impossible for AKO's representation of Plaintiffs to continue.  Therefore, "good cause" exists to satisfy the requirements of Local Rule 83.2 and Professional Rule 1.16(c)(5) for an attorney to withdraw from representation of a client.  Further, Plaintiffs will not suffer any prejudice if the Court granted AKO leave to withdraw, as discovery in this case is complete and trial is several months away.  Whatever prejudice might exist can easily be cured through a short stay of proceedings to allow time for Plaintiffs to retain substitute counsel.

Accordingly, the Court should grant this Motion and permit AKO leave to withdraw as counsel.  AKO also respectfully requests a thirty-day stay to allow Plaintiffs time to retain substitute counsel.

## STATEMENT OF FACTS

On or about February 3, 2011, Plaintiffs retained AKO to assist them in obtaining coverage under an insurance policy issued by defendant Liberty Mutual Fire Insurance Company ("Defendant" or "Liberty") for a fire loss at Plaintiffs' residence.  See Declaration of Dennis J. Artese, Esq., dated November 20, 2012 (the "Artese Decl."), at ¶ 2.  AKO and Plaintiffs entered into a retainer agreement, which obligates Plaintiffs to pay hourly rates for AKO's services in a timely manner.  Artese Decl. at ¶ 3.  In addition to requiring that Plaintiffs pay AKO's invoices as they came due, the retainer agreement obligated Plaintiffs to fund an "evergreen" retainer in the amount of $20,000.  Id.  The retainer agreement further provides that AKO "shall have the right to terminate the engagement" for non-payment of fees.  Id.

On February 16, 2011, AKO filed the instant action on Plaintiffs' behalf, seeking coverage for covered losses stemming from the fire, among other relief.  Id. at ¶ 4.

In November 2011, Plaintiffs began making only partial payments on AKO's monthly invoices, and did not refresh the "evergreen" retainer.  Id. at ¶ 5.  After making a partial payment at the beginning of April 2012, Plaintiffs have made no further payments on AKO's invoices, despite numerous requests by AKO both in writing and by telephone, seeking remuneration.  Id.

As of the filing of this Motion, AKO is owed a substantial amount from Plaintiffs, in excess of $308,000.  Id. at ¶ 6.  Plaintiffs have made no arrangements for

- 2 -

payment of this past due amount.  Id.  AKO advised Plaintiffs that absent a substantial payment on the past due amount, AKO would have no choice but to seek withdrawal as counsel.  Id.

In a recent telephone conference with AKO, Plaintiffs advised that they cannot and will not pay either the outstanding balance or any further legal bills or expenses going forward.  Id. at ¶ 7.  At that time, AKO advised Plaintiffs that it would be filing the instant motion.  Id.  At Plaintiffs' request, AKO has agreed to assist Plaintiffs in obtaining new counsel that would assume the representation of Plaintiffs on a contingency fee basis, and AKO has already begun that process.  Id. at ¶ 9.

## ARGUMENT

### I.    Plaintiffs' Failure to Pay AKO's Fees Constitutes "Good Cause" for Granting AKO's Motion for Leave to Withdraw as Counsel

Under the Local Rules, "[a]n attorney who has appeared may withdraw only upon notice to the client and all parties to the case and an order of the Court, upon a finding of good cause, granting leave to withdraw."  Local Rule 83.2.

Applicable state rules of professional conduct aid in determining what constitutes sufficient grounds for withdrawal.  Under New York's Professional Rules, nonpayment of fees constitutes "good cause" for AKO's withdrawal as counsel: "a lawyer may withdraw from representing a client when … the client deliberately disregards an agreement or obligation to the lawyer as to expenses or fees."  Professional Rule 1.16(c)(5); *Police Officers for a Proper Promotional Process v. Port Auth. Of New York and New Jersey*, No. 11 Civ. 7478 (LTS)(JCF), 2012 WL 4841849, at *1 (S.D.N.Y. Oct. 10, 2012) (holding that non-payment of legal fees is a valid basis for granting a motion to withdraw); *Am. Generics, Inc. v. Komal Mohan & Assocs.*, No. 97-

- 3 -

CV-0654 (RSP/DNH), 1998 WL 315082, at *1 (N.D.N.Y. June 8, 1998); *Brown v. Nat'l Survival Games, Inc.*, 91 Civ. 221, 1994 WL 660533, at *1 (N.D.N.Y. Nov. 18, 1994) ("[c]ourts have recognized that a client's failure … to pay attorney's fees [is a] valid reason[] for granting [a motion to withdraw."). *See also Centrifugul Force, Inc. v. SoftNet Commc'n, Inc.*, No. 08 Civ. 5463, 2009 WL 969925, at *1 (S.D.N.Y. Apr. 6, 2009) ("Attorneys are not required to represent clients without remuneration, and the failure to pay invoices over an extended period is widely recognized as grounds for leave to withdraw.").

AKO has represented Plaintiffs since before the filing of this lawsuit. During this time, AKO has worked diligently and effectively for Plaintiffs to obtain insurance coverage to which Plaintiffs are rightfully entitled.  However, because of the significant arrears in amounts due and owing AKO, dating back several months, the attorney-client relationship between AKO and Plaintiffs has become strained and more and more untenable.  Plaintiffs also have indicated that they cannot and will not pay future AKO invoices.

Therefore, AKO cannot continue to represent Plaintiffs and should be granted leave to withdraw as counsel, pursuant to Local Rule 83.1 and Professional Rule 1.16.

## II.    Plaintiffs Will Not Be Prejudiced by AKO's Withdrawal

In addition to considering the reasons for withdrawal, a district court must also consider whether "the prosecution of the suit is [likely] to be disrupted by the withdrawal of counsel."  *Whiting v. Lacara*, 187 F.3d 317, 320-21 (2d Cir. 1999).

AKO respectfully submits that Plaintiffs will suffer no prejudice by the Court granting the Motion for AKO to withdraw as counsel.  See Professional Rule

- 4 -

1.16(c)(1) ("a lawyer may withdraw from representing a client when … withdrawal can be accomplished without material adverse effect on the interests of the client.").  AKO commenced this action on Plaintiffs' behalf on February 16, 2011.  Dkt. No. 1.  The parties have completed fact discovery, and this Court has already denied Defendant's Motion for Summary Judgment.  Artese Decl. ¶ 8.  Expert discovery has also concluded. Id.

Moreover, pursuant to this Court's July 30, 2012, Trial Order, trial is not scheduled to begin until March 4, 2013, with pretrial submissions not due until February 11, 2013.  Thus, this represents a logical point in the proceedings to allow for the transition to new counsel.  *See, e.g., Melnick v. Press*, No. 06-CV-6686 (JFB)(ARL), 2009 WL 2824586, at *2 (E.D.N.Y. Aug. 28, 2009) (permitting counsel to withdraw after the close of fact discovery and while summary judgment motion was pending); *D.E.A.R. Cinestudi v. Int'l Media Films, Inc.*, No. 03 Civ. 3038 (RMB), 2006 WL 1676485, at *1 (S.D.N.Y. 2003) (granting motion to withdraw as counsel for non-payment of fees where discovery was complete and trial was months away); *Spandola v. New York City Transit Auth.*, No. 00 Civ. 3262, 2002 WL 59423, at *1 (S.D.N.Y. Jan. 16, 2000) (allowing withdrawal after close of discovery); *Promotoca of Am. Inc. v. Johnson Grossfield, Inc.*, No. 98 Civ. 7414 (AJP), 2000 WL 424184, at *1 (permitting withdrawal where discovery was closed and case was ready for trial).

The only relatively pressing matter in this case concerns the Court's recent grant of Defendant's belated (by six months) request for thirty days within which to file a motion to preclude two of Plaintiffs' experts.  Id.  Defendant's motion is due on December 6, 2012.  Since Plaintiffs will require more time to retain substitute counsel,

- 5 -

Plaintiffs respectfully request a short, 30-day stay of Liberty's time to file its motion.

*See, e.g., H.C.C., Inc. v. R H & M Mach. Co.*, 1998 WL 411313, at *1 (allowing defendant thirty days to obtain new counsel).  This should be sufficient time for Plaintiffs to retain substitute counsel and for the new counsel to get up to speed on the issues necessary to oppose Defendant's motion.  Given that Defendant has waited more than six months beyond the deadline for expert-related motions to make its motion, and further given that trial is not scheduled to begin until March 4, 2013, Defendant will not be prejudiced by such a stay in proceedings.

## **CONCLUSION**

For the foregoing reasons, AKO respectfully requests that this Court issue an Order:  (1) granting AKO's Motion to withdraw as counsel; (2) granting a thirty-day stay of this action to allow Plaintiffs to obtain replacement counsel; and (3) granting such other and further relief as this Court deems just and proper.

Dated:  November 20, 2012

By:   /s/ Dennis J. Artese, Esq.
       Finley T. Harckham, Esq.
       Dennis J. Artese, Esq.

       ANDERSON KILL & OLICK, P.C.
       1251 Avenue of the Americas
       New York, NY  10020
       Telephone:  212-278-1000

- 6 -