UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARK R. LASKOWSKI and RICHARD HALL,<br><br>                               Plaintiffs,<br><br>                v.<br><br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY,<br><br>                               Defendant. | Civil Action No. 5:11-CV-340 (GLS/ATB) |

**DECLARATION OF DENNIS J. ARTESE IN SUPPORT
OF MOTION TO WITHDRAW AS COUNSEL AND TO STAY PROCEEDINGS**

I, Dennis J. Artese, Esq., hereby declare, pursuant to 28 U.S.C. § 1746, as follows:

1.      I am attorney admitted to practice, and in good standing, in this District, as well as in the Southern and Eastern Districts of New York.  I am a shareholder in Anderson Kill & Olick, P.C. ("AKO"), counsel of record to plaintiffs in the above-referenced action, Mark R. Laskowski and Richard Hall (collectively, "Plaintiffs").  As such, I am fully familiar with the procedural facts and circumstances regarding this action.  I respectfully submit this Declaration in support of AKO's Motion to Withdraw as Counsel of Record and to Stay Proceedings.

2.      On or about February 3, 2011, Plaintiffs retained AKO to assist them in obtaining coverage under an insurance policy issued by defendant Liberty Mutual Fire Insurance Company for a fire loss at Plaintiffs' residence.

3.      AKO and Plaintiffs entered into a retainer agreement, which obligates Plaintiffs to pay hourly rates for AKO's services in a timely manner.  *See* Exhibit A

annexed hereto. In addition to requiring that Plaintiffs pay AKO's invoices as they came due, the retainer agreement obligated Plaintiffs to fund an "evergreen" retainer in the amount of $20,000. *Id.* The retainer agreement further provides that AKO "shall have the right to terminate the engagement" for non-payment of fees. *Id.*

4. Plaintiffs, through AKO, commenced the instant action on February 16, 2011.

5. In November 2011, Plaintiffs began making only partial payments on their monthly invoices, and did not refresh the "evergreen" retainer. After making a partial payment at the beginning of April 2012, Plaintiffs have made no further payments on AKO's invoices, despite numerous requests by AKO both in writing (*see* Exhibit B annexed hereto) and by telephone, seeking remuneration.

6. As of the filing of this Motion, AKO is owed a substantial amount from Plaintiffs, in excess of $308,000. Plaintiffs have made no arrangements for payment of this past due amount. AKO advised Plaintiffs that absent a substantial payment on the past due amount, AKO would have no choice but to seek withdrawal as counsel. *See* Exhibit C annexed hereto.

7. In a recent telephone conference with AKO, Plaintiffs advised that they cannot and will not pay either the outstanding balance or any further legal bills or for expenses going forward. At that time, AKO advised Plaintiffs that it would be filing the instant motion.

8. The parties have completed all fact discovery. All dispositive motions have been filed, and this Court has denied Defendant's Motion for Summary Judgment. Dkt. No. 59. Expert discovery has also concluded, although this Court recently granted

Defendant's belated (by six months) request for thirty days within which to file a motion to preclude Plaintiffs' experts.  See Dkt. Entry, Text Only Order, dated 11/06/2012.  Defendant's motion is due on December 6, 2012.  Pursuant to this Court's July 30, 2012, Trial Order, trial is not scheduled to begin until March 4, 2013, with pretrial submissions not due until February 11, 2013.  Dkt. No. 60.

      9.    At Plaintiffs' request, AKO has agreed to assist Plaintiffs in obtaining new counsel that would assume the representation of Plaintiffs on a contingency fee basis, and AKO has already begun that process.  However, Plaintiffs have yet to obtain new counsel, and will need additional time to do so.

Dated:  November 20, 2012

                               By:  /s/ Dennis J. Artese, Esq.
                                         Dennis J. Artese, Esq.