# EXHIBIT A

# ANDERSON KILL & OLICK, P.C.

Attorneys and Counselors at Law

1251 AVENUE OF THE AMERICAS ■ NEW YORK, NY 10020-1182
TELEPHONE: 212-278-1000 ■ FAX: 212-278-1733
www.andersonkill.com

Finley Harckham, Esq.
fharckham@andersonkill.com
(212) 278-1543

February 3, 2011

**By Email and Regular Mail**

Mark R. Laskowski
Richard Hall
95 Christopher Street
Apt. 12M
New York, New York 10014

Re:   Letter of Engagement
      Eaton, New York Fire Loss

Dear Messrs. Laskowski and Hall:

The rules of the Appellate Divisions of the Supreme Court require that there be a written Letter of Engagement at the beginning of an attorney-client relationship.

## SCOPE OF REPRESENTATION

This letter confirms that Mark R. Laskowski and Richard Hall (referred to herein collectively as "You" or "Your") wish to retain this firm ("AKO") as counsel to represent you in litigation against Liberty Mutual Insurance Company ("Liberty Mutual") with respect to Your insurance claim concerning the damage caused to Your home in Eaton, New York on or about January 10, 2010.

## BILLING PROCEDURES AND FEE ARRANGEMENT

The fees will be charged on a monthly basis based on our firm's normal hourly rates. My normal hourly rate is $690 per hour, the rate of the associates I anticipate using for this matter, Dennis Artese and Marc Ladd, are $530 and $335 per hour, respectively, and the rates of paralegals range from $150 to $200 per hour, depending upon experience. The billing rates cited above will apply at least through 2011. The firm reviews billing rates annually and new billing rates, if any, generally take effect on January 1st of the new year.

ANDERSON KILL & OLICK, P.C.

Mark R. Laskowski
Richard Hall
February 3, 2011
Page 2

In addition to fees for attorneys, insurance analysts and paralegals, we will also bill for disbursements on a monthly basis. Disbursements consist of such items as telecopy, photocopy, messenger service, travel, lodging, international telephone, secretarial overtime, obtaining copies of documents from governmental authorities, filing fees, recording charges, computerized legal research and other items of like import. We will provide monthly bills.

We require that You provide us with an "evergreen" retainer (the "Retainer") of no less than twenty thousand dollars ($20,000). Such retainer will be applied against our monthly time charges and disbursements. Each time the retainer balance falls below $2,500, You agree to replenish it in an amount which will bring the total up to $20,000.

## TERMINATION OF ENGAGEMENT AND DISPUTES

You also agree that we will have the right to terminate the engagement with You at any time upon reasonable advance notice, including without limitation, if You are unable to meet Your obligation to replenish the Retainer or if our statements for professional services rendered and costs and expenses incurred are not paid within the time provided for in this agreement. You shall also have a right to terminate the engagement at any time.

In the event that a dispute arises between us relating to our fees, You may have the right to arbitration of the dispute pursuant to Part 137 of the Rules of the Chief Administrator, a copy of which will be provided to you upon request.

## RECORDS POLICY

During the course of our representation of You, we will create or receive a variety of records, documents and data. These will include administrative records such as accounting records, but also records directly related to the work that we do during our representation of You, such as pleadings, correspondence, documents received from You and from third parties and so on. These may be paper or electronic, and if electronic may be both on our computer system or on movable media such as tapes, CDs or DVDs. The records directly related to the work we do for You are collectively called the "matter file."

At the close of a representation, we will re-organize and compact the file by removing duplicates and other extraneous material, and returning original documents and other important documents to You or other parties from whom they were received. The file will then be sent to storage for a period of years as determined on our records retention schedule. Generally, the remaining file will be held in storage for seven years

ANDERSON KILL & OLICK, P.C.

Mark R. Laskowski
Richard Hall
February 3, 2011
Page 3

after the close of the matter, although there may be some exceptions depending on the type of document.

At the end of the storage period, closed files that have no further value will be destroyed by a bonded records destruction service. Prior to any destruction, a responsible attorney conducts a review to determine that the file is of no further value, and to identify documents that may require longer retention. Some documents, determined on a case-by-case basis, may be segregated for longer term maintenance.

Prior to final disposition of the file, we will notify You of the impending disposition of the file. The notification will be sent to the last address and contact person we have on file for You. If You are interested in receiving the notification, You must provide us with current contact information in the event that it changes after the close of the representation. If, after having received the notification, You would prefer that the file be returned rather than being destroyed, You must respond to the notification with your instructions, within the time period stated in the notification letter. If You do not respond, we will assume that You have no further interest in the file, and are authorizing its destruction.

If, either during or after the representation, You determine that You have additional or different requirements concerning the file, please contact me, and we will devise a strategy that will address those concerns.

If You agree to the terms of this retainer letter, kindly sign a copy of this letter below and return it to me, together with a check for the Retainer.

Sincerely yours,

ANDERSON KILL & OLICK, P.C.

By: _____
Finley Harckham

FH:da
cc:   Records Department
      Dale Brown

Agreed to by:

_____
Mark R. Laskowski

NYDOCS1-960841.1

ANDERSON KILL & OLICK, P.C.

Mark R. Laskowski
Richard Hall
February 3, 2011
Page 4

Agreed to by:

*/s/ Richard Hall*
Richard Hall

ANDERSON KILL & OLICK, P.C.

Mark R. Laskowski
Richard Hall
February 3, 2011
Page 5

Order Adopted by the Appellate Divisions

December 20, 2001

The Appellate Divisions of the Supreme Court, pursuant to the authority invested in them, do hereby add, effective March 4, 2002, Part 1215 to Title 22 of the Official Compilations of Codes, Rules and Regulations of the State of New York, entitled "Written Letter of Engagement," as follows:

Part 1215 Written Letter of Engagement

§1215.1 Requirements

(a) Effective March 4, 2002, an attorney who undertakes to represent a client and enters into an arrangement for, charges or collects any fee from a client shall provide to the client a written letter of engagement before commencing the representation, or within a reasonable time thereafter (i) if otherwise impracticable or (ii) if the scope of services to be provided cannot be determined at the time of the commencement of representation. "Client" shall include any person or entity that is responsible for the payment of the attorney's fees. Where there is a significant change in the scope of services or the fee to be charged, an updated letter of engagement shall be provided to the client.

(b) The letter of engagement shall address the following matters: (1) Explanation of the scope of the legal services to be provided; (2) Explanation of attorney's fees to be charged, expenses and billing practices; and (3) Where applicable, notice of the client's right to arbitration of fee disputes under Part 137 of the Rules of the Chief Administrator.

(c) Instead of providing the client with a written letter of engagement, an attorney may comply with the provisions of subdivision (a) by entering into a signed written retainer agreement with the client, before or within a reasonable time after commencing the representation, provided that the agreement addresses the matters set forth in subdivision (b).

§1215.2 Exceptions

This section shall not apply to (1) representation of a client where the fee to be charged is expected to be less than $3000, (2) representation where the attorney's services are of the same general kind as previously rendered to and paid for by the client, or (3) representation in domestic relations matters subject to Part 1400 of the Joint Rules of the Appellate Division (22 NYCRR).

ANDERSON KILL & OLICK, P.C.

Mark R. Laskowski
Richard Hall
February 3, 2011
Page 6

## Statement of Client's Responsibilities
### (As adopted by the Administrative Board of the Courts)

Reciprocal trust, courtesy and respect are the hallmarks of the attorney-client relationship. Within that relationship, the client looks to the attorney for expertise, education, sound judgment, protection, advocacy and representation. These expectations can be achieved only if the client fulfills the following responsibilities:

1. The client is expected to treat the lawyer and the lawyer's staff with courtesy and consideration.

2. The client's relationship with the lawyer must be one of complete candor and the lawyer must be apprised of all facts or circumstances of the matter being handled by the lawyer even if the client believes that those facts may be detrimental to the client's cause or unflattering to the client.

3. The client must honor the fee arrangement as agreed to with the lawyer, in accordance with law.

4. All bills for services rendered which are tendered to the client pursuant to the agreed upon fee arrangement should be paid promptly.

5. The client may withdraw from the attorney-client relationship, subject to financial commitments under the agreed to fee arrangement, and, in certain circumstances, subject to court approval.

6. Although the client should expect that his or her correspondence, telephone calls and other communications will be answered within a reasonable time frame, the client should recognize that the lawyer has other clients equally demanding of the lawyer's time and attention.

7. The client should maintain contact with the lawyer, promptly notify the lawyer of any change in telephone number or address and respond promptly to a request by the lawyer for information and cooperation.

8. The client must realize that the lawyer need respect only legitimate objectives of the client and that the lawyer will not advocate or propose positions which are unprofessional or contrary to law or the Lawyer's Code of Professional responsibility.

9. The lawyer may be unable to accept a case if the lawyer has previous professional commitments which will result in inadequate time being available for the proper representation of a new client.

ANDERSON KILL & OLICK, P.C.

Mark R. Laskowski
Richard Hall
February 3, 2011
Page 7

    10. A lawyer is under no obligation to accept a client if the lawyer determines that the cause of the client is without merit, a conflict of interest would exist or that a suitable working relationship with the client is not likely.