UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**MARK R. LASKOWSKI et al.,**

                **Plaintiffs,**          **5:11-cv-340**
                                              **(GLS/ATB)**

          **v.**

**LIBERTY MUTUAL FIRE**
**INSURANCE COMPANY,**

                **Defendant.**
_____

## SUMMARY ORDER

Before the court is the motion of Anderson Kill & Olick, P.C. (AKO) seeking leave to withdraw as counsel to plaintiffs Mark R. Laskowski and Richard Hall, and to stay the action for thirty days so that plaintiffs may retain new counsel.  (*See* Dkt. No. 63.)  Plaintiffs oppose the motion.  (*See* Dkt. No. 69.)[1]  For the reasons that follow, the motion is granted and the action is stayed for thirty days.[2]

AKO contends that plaintiffs have failed to pay it fees under the

---

[1] Defendant Liberty Mutual Fire Insurance Company takes no position regarding withdrawal nor does it oppose a reasonable stay of the proceedings.  (*See* Dkt. No. 66.)

[2] Liberty Mutual's outstanding motion to preclude shall be filed no later than seven days after the expiration of the stay.  The court notes that this is a modification of its text only order dated December 3, 2012.

retainer agreement, their failure to pay fees constitutes good cause for granting the instant motion, and no prejudice will result from withdrawal. (*See* Dkt. No. 63, Attach. 1 at 3-6.)  Plaintiffs appear to argue that AKO should continue its representation on a contingency fee basis, and that "[f]or AKO to abandon [them] at this time, with no attorney to seek justice for [them], is unconscionable."  (Dkt. No. 69.)

Under the Local Rules of Practice in this District, "[a]n attorney who has appeared may withdraw only upon notice to the client and all parties to the case and an order of the Court, upon a finding of good cause, granting leave to withdraw."  N.D.N.Y. L.R. 83.2(b).  Nonpayment of attorneys' fees may serve as a legitimate basis for granting a motion to withdraw.  *See Brown v. Nat'l Survival Games, Inc.*, No. 91-CV-221, 1994 WL 660533, at *2 (N.D.N.Y. Nov. 18, 1994).  Courts also typically consider whether prosecution of the action is likely to be disrupted by counsel's withdrawal. *See Whiting v. Lacara*, 187 F.3d 317, 320-21 (2d Cir. 1999).

Good cause exists here to grant AKO's motion.  The outstanding balance of unpaid fees, which exceeds $308,000, is substantial.  (*See* Dkt. No. 63, Attach. 4 at 3.)  Despite plaintiffs' hopes that AKO would proceed with its representation on a contingency fee basis, (*see* Dkt. No. 69), the

2

retainer agreement clearly requires hourly fees to be billed on a monthly basis, and plaintiffs were also obligated to replenish an evergreen retainer in the event that the $20,000 balance fell below $2,500, (*see* Dkt. No. 63, Attach. 3 at 2-3).  After several attempts by AKO at securing payment, plaintiffs have failed to do so.  (*See* Dkt. No. 63, Attach. 2 ¶ 5.)  Moreover, plaintiffs will not suffer any adverse consequences by withdrawal of counsel.  The trial of this matter is scheduled for March 4, 2013, however, due to a conflict with the court's criminal calendar, it must be rescheduled for August 12, 2013 at 9:30 A.M.  In light of the new trial date and the fact that discovery is complete, new counsel and/or plaintiffs proceeding *pro se*—i.e., representing themselves—will have ample time to prepare for trial.

**ACCORDINGLY**, it is hereby

**ORDERED** that AKO's motion seeking leave to withdraw (Dkt. No. 63) is **GRANTED**; and it is further

**ORDERED** that this action is **STAYED** for thirty (30) days; and it is further

**ORDERED** that, should plaintiffs fail to retain new counsel within the time that this action is stayed, they shall inform the court in writing of their intention to proceed *pro se*, and provide their legal mailing address; and it

is further

**ORDERED** that, in due course, the Clerk shall issue a trial scheduling order for a firm trial date of August 12, 2013 at 9:30 A.M.; and it is further

**ORDERED** that defendant Liberty Mutual Fire Insurance Company shall have seven (7) days after the expiration of the stay to file its motion to preclude; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

Albany, New York
December 21, 2012

*/s/ Gary L. Sharpe*
Gary L. Sharpe
Chief Judge
U.S. District Court