UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARK R. LASKOWSKI et al.,

               Plaintiffs,        5:11-cv-340
                                          (GLS/ATB)
      v.

LIBERTY MUTUAL FIRE
INSURANCE COMPANY,

               Defendant.
_____

APPEARANCES:                          OF COUNSEL:

**FOR THE PLAINTIFFS:**
Kuehner Law Firm, PLLC            KEVIN P. KUEHNER, ESQ.
217 Montgomery Street, Suite 200
Syracuse, NY 13202

**FOR THE DEFENDANT:**
Smith, Rolfes Law Firm              BRIAN P. HENRY, ESQ.
1605 Main Street, Suite 1106
Sarasota, FL 34236

Hiscock, Barclay Law Firm         JASON D. HUGHES, ESQ.
80 State Street                            THOMAS J. O'CONNOR, ESQ.
Albany, NY 12207

**Gary L. Sharpe**
**Chief Judge**

## SUMMARY ORDER

     Pending are three motions filed by defendant Liberty Mutual Fire Insurance Company. (*See* Dkt. Nos. 77, 78, 85.) In two of its motions,

Liberty Mutual seeks to preclude Dennis Ware and William Patrick, experts retained by plaintiffs Mark R. Laskowski and Richard Hall, from testifying at trial pursuant to Federal Rule of Evidence 702. (*See* Dkt. Nos. 77, 78.) The other motion seeks a modification of the pretrial scheduling order and leave to amend the answer to assert two new affirmative defenses. (*See* Dkt. No. 85). For the reasons that follow, all three motions are denied.

Plaintiffs commenced this action to recover for fire damage to their home and its contents under an insurance policy issued by Liberty Mutual.[1] (*See generally* Compl., Dkt. No. 1.) One of the central issues during trial will revolve around the cause of the fire that precipitated plaintiffs' loss. (*See, e.g.*, *id.* ¶ 11; Dkt. No. 36 ¶¶ 64-66.) On that very issue, plaintiffs retained two experts—William Patrick, a forensic electrical consultant, and Dennis Ware, a cause and origin investigator—to render opinions regarding the fire. (*See* Dkt. No. 77, Attach. 3; Dkt. No. 78, Attach. 3; Dkt. No. 81, Attach. 1.) After an investigation, Patrick opined "that it is probable this fire was caused by an electrical fault causing ignition of combustibles in a concealed area of the second floor south bathroom." (Dkt. No. 78,

---

[1] The facts are set forth more fully in two prior decisions of the court. (*See* Dkt. No. 34 at 2-3; Dkt. No. 59 at 2-5.)

2

Attach. 3 at 11.)  Ware reported that "the fire originated in the second floor bathroom located in the southwest corner of the two story, stone structure," and

> "the most probable cause for this fire was an electrical failure/fault, however, due to the extensive alteration of the fire scene by those individuals who had access to the fire scene prior to [his] examination of the loss site . . . , coupled with the fact that key electrical evidence is missing or has been destroyed and never examined, the fire scene could not be reconstructed."

(Dkt. No. 77, Attach. 3 at 3, 24-25.)  Further, Ware found "no evidence that indicate[d] or suggest[ed] that this fire was of an [i]ncendiary origin and cause," and, in his opinion, "the cause for this fire is [a]ccidental."  (*Id.* at 25.)

As was explained in the court's prior Memorandum-Decision and Order, Hall testified during a deposition that he probably transferred his interest in the contents of the home to Laskowski in 2009, before he filed for bankruptcy, "knowing that his failure to include the property [in the bankruptcy petition] would protect it from his creditors."  (Dkt. No. 59 at 11.)  Consistent with that transfer, Hall and Laskowski together seek recovery as to the damaged residence, but Laskowski solely seeks recovery for the contents of the home that were destroyed in the fire.  (*See id.*)  These facts

3

underpin Liberty Mutual's motion seeking to modify the pretrial scheduling order and leave to amend its answer. (*See* Dkt. No. 85, Attach. 10 at 5-6.)

Taking up the preclusion motions first, Federal Rule of Evidence 702 governs expert testimony at trial. It provides that:

> [a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. Further elucidating the reliability of an expert's opinion is the court's consideration of the case-specific *Daubert* factors:

> "(1) whether a theory or technique can be (and has been) tested, (2) whether the theory or technique has been subjected to peer review and publication, (3) a technique's known or potential rate of error, and the existence and maintenance of standards controlling the technique's operation, and (4) whether a particular technique or theory has gained general acceptance in the relevant scientific community."

*Lynch v. Trek Bicycle Corp.*, 374 F. App'x 204, 206 (2d Cir. 2010) (quoting *Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 266 (2d Cir.

2002)).

Liberty Mutual seeks to preclude Ware because, it alleges, he is unqualified as an origin and cause expert, his opinions are not sufficiently reliable, and his testimony would be unhelpful to the jury rendering it irrelevant. (*See* Dkt. No. 77, Attach. 2.) Patrick's preclusion is sought by Liberty Mutual on unreliability and irrelevance grounds. (*See* Dkt. No. 78, Attach. 2.) After thorough consideration, the court is unpersuaded by any of Liberty Mutual's arguments at this juncture.[2] The bulk of Liberty Mutual's contentions regarding reliability are fodder for cross-examination and go to the weight a jury might assign to a particular opinion at trial. In any event, Liberty Mutual's concerns may be raised at trial.

Turning to Liberty Mutual's motion for modification of the pretrial scheduling order and leave to amend its answer, the court, finding no good

---

[2] Similarly unpersuasive are Liberty Mutual's contentions that attorney Kevin Kuehner may need to be disqualified "as he has made himself a material witness to this dispute" by submitting an affidavit in response to the motions that contains factual assertions, and that portions of the affidavits of Ware and Patrick submitted in opposition to their preclusion should be stricken. (Dkt. No. 82 at 2, 12-14; Dkt. No. 83 at 2, 12-14.) Moreover, the court trusts that, despite the condescending nature of some statements contained in the parties' papers, (*see, e.g.*, Dkt. No. 81 ¶ 6; Dkt. No. 82 at 1-2), counsel will conduct themselves with the utmost professionalism in the forthcoming trial of this matter.

cause to modify the pretrial scheduling order, (*see* Dkt. No. 24), denies the motion.³ Rule 16 of the Federal Rules of Civil Procedure provides that scheduling orders "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "To satisfy the good cause standard 'the party must show that, despite its having exercised diligence, the applicable deadline could not have been reasonably met.'" *Enzymotec Ltd. v. NBTY, Inc.*, 754 F. Supp. 2d 527, 536 (E.D.N.Y. 2010) (quoting *Sokol Holdings, Inc. v. BMD Munai, Inc.*, No. 05 Civ. 3749, 2009 WL 2524611, at *7 (S.D.N.Y. Aug. 14, 2009)).⁴

---

³ Notably, "[w]here a scheduling order has been entered, the lenient standard under Rule 15(a), which provides leave to amend shall be freely given, must be balanced against the requirement under Rule 16(b) that the Court's scheduling order shall not be modified except upon a showing of good cause." *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003) (internal quotation marks and citations omitted). Accordingly, the court need not reach Liberty Mutual's argument that an amendment is appropriate under Rule 15. (*See* Dkt. No. 85, Attach. 10 at 8-14.) In addition, Liberty Mutual's letter motion seeking permission to file an otherwise unpermitted reply, (*see* Dkt. No. 88), is granted. The proposed reply declaration and exhibits thereto are deemed filed and have been considered.

⁴ Liberty Mutual's reliance on *Toborg v. United States*, No. 1:11-cv-150, 2012 WL 3643841 (N.D.N.Y. Aug. 23, 2012), is misplaced. In that case, this court specifically found that modification of the scheduling order was not warranted under the good cause standard of Rule 16. *See id.* at * 2. For other reasons, not present here, modification of the scheduling order was nonetheless warranted. For example, the attorney's failure in

6

Here, Liberty Mutual did not seek permission to move for modification of the pretrial scheduling order or leave to amend its answer until February 27, 2013, (*see* Dkt. No. 74)—approximately twenty months after the June 30, 2011 deadline by which pleadings were to be amended pursuant to the court's pretrial scheduling order, (*see* Dkt. No. 24 at 2). And counsel readily admits that Liberty Mutual's "failure and delay in this regard was inadvertent and attributable to [his] oversight[,] was not caused by Liberty [Mutual,] and was in no way motivated by bad faith or disregard for [the pretrial scheduling o]rder." (Dkt. No. 85, Attach. 1 ¶ 10.) These facts show a total absence of diligence; thus, good cause is lacking, and the motion is denied.

**ACCORDINGLY**, it is hereby

**ORDERED** that Liberty Mutual's motions to preclude (Dkt. Nos. 77, 78) are **DENIED**; and it is further

---

*Toborg* was far more egregious, and it would have likely required dismissal of the plaintiff's complaint. *See id.* at 1-2. It is also noted that, while other factors may be relevant to the "good cause" inquiry under Rule 16(b), such as prejudice to the nonmoving party, *see Kassner v. 2nd. Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007), the court is not persuaded that consideration of any other factors warrant modification of the pretrial scheduling order in this case.

7

**ORDERED** that Liberty Mutual's letter motion seeking permission to file a reply (Dkt. No. 88) is **GRANTED** and the proposed reply declaration and exhibits thereto are deemed **FILED**; and it is further

**ORDERED** that Liberty Mutual's motion for modification of the pretrial scheduling order and leave to amend the answer (Dkt. No. 85) is **DENIED**; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

September 12, 2013
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court