UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

**MARK R. LASKOWSKI and
RICHARD HALL,**

                *Plaintiffs*,

-vs-

**LIBERTY MUTUAL FIRE INSURANCE
COMPANY,**

                *Defendant*.

**REPLY
DECLARATION OF
BRIAN RONDA**

Civil Action No. 5:11-cv-340
(GLS/ATB)

---

**BRIAN RONDA**, hereby declares as follows:

1. I am a Senior Claims Representative with Liberty Mutual in its Albany office, and I have been employed by Liberty Mutual for 8 years.

2. I make this Affidavit in support of Liberty Mutual's motion to enforce a settlement agreement in this case.

3. I have read the Declaration of Alan J. Pierce, dated April 6, 2015, and I have reviewed, in particular, Paragraph 17 of his Declaration, as well as the two releases attached to his Declaration as Exhibit 3. I am familiar with one of those releases.

4. I handled a personal-injury claim resulting from an auto accident in Syracuse on 3/16/2011 (Claim No. 018201877) involving a Liberty Mutual insured which I settled for the policy limit of $100,000.

- 1 -

5. The release I used is attached to Mr. Pierce's declaration as Exhibit 3, and it was the form we were using, at the time of that incident, in settling personal injury cases. In addition to the usual language releasing all claims against our insured, this release also contains language dealing with potential liens on the proceeds of the settlement which, in personal-injury actions are many and varied.

6. Principal among the potential liens, are those of Medicaid and Medicare which in recent years has become a particularly challenging issue in cases where a claimant may be receiving Medicaid or Medicare benefits or be eligible to receive those benefits. Such cases can result in a claim from Medicare, for example, against an insurance carrier which has settled a case with a claimant who has or will be receiving Medicare benefits. Therefore, personal-injury releases now, usually, contain language by which the claimant represents that they are not subject to any such liens but also provides indemnification language, should that not be the case.

7. I have also handled property damage liability claims against Liberty Mutual insureds and in such cases I have used a release form which did not contain references to potential liens related to personal injury such as Medicare, Medicaid, and Worker's Compensation. Attached is an example of a release I have used for a property damage liability settlement. In addition to the release, the only other document I would require is a stipulation discontinuing the action if the matter was already in suit. Otherwise, a property damage liability case would be settled with a simple release.

8. Therefore, Mr. Pierce's conclusion that "...Liberty Mutual does not normally settle with just a release in exchange for a check..." is generally true in personal injury liability cases but it is not true in cases involving property damage.

9. I certify that the foregoing statements made by me are true and understand that I am subject to penalties for perjury.

Dated: April 13, 2015

_____
Brian Ronda

- 3 -

9065707.2